Conrad, Appellant, *v.* Duffin et al.

Argued October 24, 1945. Before Baldrige, P. J., Rhodes, Reno, Dithrich, Ross and Arnold, JJ. (Hirt, J., absent).

*Henry S. Ambler,* with him *Frank R. Ambler,* for appellant.

*Benjamin H. Hellman,* with him *Louis Sherr* and *A. Albert Feldman,* for appellee.

Opinion by Rhodes, J., December 12, 1945:

The plaintiff, Harriet Conrad, recovered a judgment for $2,500 against Joseph Abrams in an action of trespass. On January 8, 1943, plaintiff was a pedestrian on K Street between Erie Avenue and Pike Street in the city of Philadelphia. At that time and place Abrams was loading a truck with city ashes. While thus engaged Abrams permitted a container of ashes to fall, which struck plaintiff causing her injury.

The truck in question was owned by John J. Duffin, and leased by him to Elwood Garlick, Sr., for the re-

moval of city ashes. The truck was insured by appellant, the Preferred Accident Insurance Company of New York. Plaintiff brought an action in trespass against John J. Duffin, owner and named insured, Elwood Garlick, Sr., Joseph Abrams, and Robert Hall.[1] No appearance having been entered for Abrams, a judgment was entered against him for want of appearance. A writ of inquiry issued to assess damages. Damages were assessed in the sum of $2,500 against Abrams in favor of plaintiff. An attachment execution was issued naming appellant as garnishee. Interrogatories were filed by plaintiff and answers thereto by garnishee. A rule was taken on garnishee for want of sufficient answers. The rule was made absolute, and the garnishee has appealed from the judgment.

John H. Duffin had a policy of insurance issued by appellant garnishee, covering liability because of bodily injury "caused by accident and arising out of the ownership, maintenance or use of the automobile." The policy also contained the following clause:

"III Definition of 'Insured'

"The unqualified word 'insured' wherever used in coverages A and B and in other parts of this policy, when applicable to such coverages, includes the named insured and, except where specifically stated to the contrary, also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is with the permission of the named insured."

The purposes for which the named insured's automobile or truck was to be used were "Commercial No. 10, Business and Pleasure." The term "commercial" was defined as "use principally in the business occupation of the named insured as stated in item 1"; the occupation of the named insured being "Excavation Contractor." The policy further provided that "Use of the automobile for the purposes stated includes the loading and unload-

---

[1] A workman with Abrams.

ing thereof." Plaintiff claimed that the clause in the policy above quoted also insured Abrams while loading or unloading the truck with city ashes as such was permitted by the named insured; that the truck was leased by the named insured to Garlick for the removal of city ashes; and that at the time of the occurrence the truck was being used for that purpose. The appellant garnishee denied liability on the ground that the policy did not extend in favor of Abrams as he was not loading the truck with the permission of Duffin, and for this reason refused to defend under the provision of the policy that committed the garnishee to defend insured against suits for damages.

The admitted facts are that the named insured gave his permission for the use of the truck in removing city ashes; that the named insured had given possession of the truck to Garlick for this purpose; and that it was being so utilized when the accident happened through the negligence of Abrams. We agree with the court below that no relevant factual issues have been raised by the interrogatories and the answers thereto. The question before us is one of law. *Ferry et al. v. Protective Indemnity Co. of New York,* 155 Pa. Superior Ct. 266, 38 A. 2d 493.

Under the clause of the policy in question it was not required that the named insured's authorization be personal. Rather it was limited to the character of the work, and the policy would, under the circumstances, include anyone using the truck for the purpose authorized. The coverage of the policy would not be limited to the named insured's lessee, but would include those engaged in carrying out the permissive use; the purpose of the policy was to protect those who might be injured by the use of the named insured's truck in which he had acquiesced. "The word 'permission' has a negative rather than an affirmative implication; that is, a permitted act may be one not specifically prohibited as contrasted to an act affirmatively and specifically author-

ized. That it appears in automobile policies would indicate that anyone having permission or color of authority is included within the clause": *Brower v. Employers' Liability Assurance Co., Ltd.*, 318 Pa. 440, at page 446, 177 A. 826, at page 829.

There was permission upon the part of the named insured to use his truck for a particular purpose. When plaintiff was injured by the negligence of Abrams there had been no deviation from that purpose, and it is immaterial whether Abrams was employed by Garlick, or whether his services were volunteered in loading the truck.

It is true there was no actual permission in this case by the named insured to Abrams; but the necessary permission may be in the form of express or implied affirmative consent, or it may result by implication from the relationship of the parties or by a course of conduct in which the parties have mutually acquiesced. *Snyder v. Carlson et al.*, 135 Pa. Superior Ct. 390, 392, 5 A. 2d 588; *Brower v. Employers' Liability Assurance Co., Ltd.*, supra, 318 Pa. 440, 444, 177 A. 826.

It is to be observed that the policy covers "any person or organization legally responsible for the use [of the automobile or truck], provided the actual use [2] of the automobile is with the permission of the named insured." It would seem that every person, firm, or corporation, other than those within the excluded classes which are not applicable to Abrams, are impliedly covered by the policy. By the express provision of the policy the named insured could have given permission to any person to use his truck, and the policy would have covered that person as to an accident which might have followed from such use. As the named insured leased the truck to Garlick for the express purpose of removing city ashes, there can be no doubt but that he thereby

---

[2] The words "the actual use" really mean "the particular use". *Laroche v. Farm Bureau Mutual Automobile Insurance Co.*, 335 Pa. 478, 483, 7 A. 2d 361.

gave implied permission to workmen, whoever they might be, to engage in the use of the truck for the purpose for which it was leased, that is, the loading and unloading of ashes. This was the act Abrams was performing when the accident in question occurred. Liability of appellant under its policy is not based on the doctrine of respondeat superior, but rather on the ground that Abrams was within the category of persons insured by appellant thereunder.

Other matters suggested in appellant's argument are without merit. Appellant had prompt and complete notice of the accident, and in refusing to defend Abrams relied entirely upon the correctness of its opinion that Abrams was not covered by the policy. If appellant had any doubt as to its duty to defend Abrams, it could have provided for its own protection. *Laroche v. Farm Bureau Mutual Automobile Insurance Co.*, 335 Pa. 478, 484, 7 A. 2d 361; *Ferguson v. Manufacturers' Casualty Insurance Co. of Philadelphia*, 129 Pa. Superior Ct. 276, 282, 195 A. 661. In the instant case there was a denial of liability, but such denial was not adequate as a matter of law to prevent the entry of judgment on the answers. Appellant cites *Collins v. O'Donnell et al.*, 325 Pa. 366, 191 A. 22; and a similar case is *Renschler v. Pizano et al.*, 329 Pa. 249, 198 A. 33. Neither of these cases controls the case at bar. No fraud is here alleged by appellant; it had notice of the accident, knowledge of the facts and circumstances surrounding the accident, and ample time in which to prepare a defense on behalf of Abrams. It caused an appearance to be entered on behalf of the named insured, but decided as a matter of law that it had no liability as to Abrams, and therefore declined to enter any defense as to him. Consequently, the fact that Abrams neither asked appellant to defend the suit against him nor claimed that the policy inured to his benefit cannot defeat plaintiff's right to collect from appellant if in fact Abrams was covered and the policy of insurance did inure to his benefit.

Judgment is affirmed.