Helwig *v.* Esterly (et al., Appellant).

Argued December 15, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*John P. Thomas,* with him *Walker & Walker,* for appellant.

*David G. Welty,* for appellee.

OPINION BY MONTGOMERY, J., March 18, 1965:

This appeal arose from an attachment execution on a judgment recovered by John R. Helwig against Joanne Ruch, formerly Joanne Esterly, in a trespass action, in which State Farm Mutual Automobile Insurance Company (State Farm) and Utica Mutual Insurance Company (Utica) are named as garnishees. An issue was raised between the two garnishees concerning which insurance company was wholly liable for

coverage of Joanne Esterly and was submitted to a jury, which returned a verdict against State Farm alone. The lower court denied State Farm's motions for a new trial and judgment n.o.v. and this appeal followed.

Plaintiff's claim against State Farm was based on a policy of insurance which it issued to William and Mary Heffelfinger on their 1956 Chevrolet automobile containing the following "omnibus" clause: "(a) Insured—with respect to the insurance afforded under coverages A and B, the unqualified word 'insured' includes the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use is by the named insured or such spouse or with the permission of either."

Utica's liability arises from a policy it issued to the parents of Joanne Esterly which provided liability coverage for her operation of a nonowned vehicle if no other valid and collectible insurance was in force at the time of an accident.

On June 21, 1958, Joanne was involved in an accident with plaintiff Helwig while she was driving the Heffelfinger automobile. There is evidence that she had been given permission to operate it by Karl Heffelfinger, the son of the owners, who was riding with her at that time; and that Karl had been granted permission to use the car. However, there is also evidence in the record to the effect that Karl's right to use the car was subject to the restriction that he was not to allow any other person to operate the car and specifically he was forbidden to allow his fiancee, Joanne Esterly, to operate it, because she held only a learner's permit. Joanne was not charged with having knowledge of this restriction. In submitting this evidence

to the jury to determine whether this restriction had been imposed on Karl's privilege the court said, "That is to say, even though you find that Carl* Heffelfinger was expressly instructed by William Heffelfinger not to allow Joanne Esterly to operate the vehicle on the date of the accident, if you find that use of the vehicle by Joanne Esterly at the time of the accident was within the scope of the permissive use given to Carl Heffelfinger by William Heffelfinger, then your verdict shall be in favor of John R. Helwig, plaintiff, and against State Farm Mutual Automobile Insurance Company.

"We would add to those instructions and say that if you find that the use to which the vehicle was put on this day in question by Joanne Esterly was not within the permission granted by the owners of the car, then there can be no recovery against State Farm Insurance Company, but there must then be coverage, there must be recovery against the Utica Company."

It appears that the trial court was of the opinion that it was immaterial who was operating the Heffelfinger car at the time of the accident, so long as it was being used for a purpose that came within the intention of the owner when he granted the privilege to his son. We do not find in the record any other restriction on the son's right to use the car than the one requiring that he be the operator.

Helwig's right to recover from State Farm depends upon whether Joanne Esterly can be brought within the privilege granted to Karl by his father. There is no evidence of an express grant of permission to her. Consequently, she must be shown to come within an implied grant. The appellee contends that the permission to Karl to use the car brought Joanne within that

---

* The record indicates that the son is *Karl* Heffelfinger although he is inadvertently called *Carl* Heffelfinger in the opinion of the lower court and in the briefs of counsel.

class since he was in the car and the jury could have found that it was being used for his pleasure and benefit, or in other words, Joanne was merely the operator while the actual use of the car was being made by Karl with his father's permission.

It is appellant's contention that there can be no implied permission when there is a specific exclusion of the thing which appellee seeks to have implied.

The authorities on this point of law are divided. Consequently, each party has authority to support its contention. Appellee relies heavily on *Indemnity Insurance Company of North America v. Metropolitan Casualty Company of New York,* 33 N.J. 507, 166 A. 2d 355 (1960), which holds that "use" as distinguished from "operation" determines the question of coverage under an omnibus clause like the one before us and permitted recovery although the operation was by one specifically excluded by the named insured. The dissenting opinion in that case describes the reasoning of the majority as "pure semantics in derogation of my conception of the reasonable meaning and purpose of the omnibus clause."

Appellant relies on *Volk v. Cacchione,* 395 Pa. 636, 150 A. 2d 849 (1959), and *Beatty v. Hoff,* 382 Pa. 173, 114 A. 2d 173 (1955), although neither of these cases involved a specific exclusion from the permitted use. However, both cases are authority for the principle that there must clearly appear a connection either expressly or impliedly between the person whose consent is necessary and the person who it is contended came within the definition of insured.

The exact issue before us was considered by the Court of Common Pleas of Dauphin County in *Marshall v. Szmej and Hartford Accident & Indemnity Co.,* 65 Dauph. 261 (1953), in an exhaustive opinion by Judge NEELY, which cited *Freshkorn v. Marietta,* 345 Pa. 416, 29 A. 2d 15 (1942). The ruling in these cases

was that since the car was not being operated at the time of the accident in accordance with the permission given by the insured, there was no coverage. The reasoning on which these two decisions was based was sound and reasonable. It would be unreasonable to hold that Karl was privileged to disregard the explicit instruction of his father as to the manner in which he was to use his father's car. This is consistent with what was said by our Supreme Court in *Laroche v. Farm Bureau Mutual Automobile Insurance Co.*, 335 Pa. 478, 482, 7 A. 2d 361, 362 (1939), in referring to *Dickinson v. Maryland Casualty Company*, 101 Conn. 369, 125 A. 866 (1924), ". . . the word 'permission' is to be construed as meaning permission to use the car, or *permission to use the car in a specified manner* and for a specified purpose." (Emphasis supplied)

If the restriction were imposed in this case the action of Karl in using the automobile with Joanne as the driver would be a major, not a slight, deviation from the privilege granted to him, whether it be considered as a breach of the condition imposed upon his privilege of use, thereby terminating that privilege, or as a use not intended, i.e., the use of the car to give Joanne an opportunity to practice driving or to receive instructions. Either would be beyond the privilege granted to him. Therefore, Joanne would have been operating the car without the permission of the named insured and would not be covered by the policy. She would have no express privilege granted to her by the named insured or implied by his conduct and she could not acquire an implied permission through Karl since his privilege of use ended with his turning over the wheel of the car to her contrary to the express instruction given by his father.

The instructions to the jury in this case were improper and the case must be retried. On the retrial the issue of whether the father imposed the restriction as

to the operator of the car must be submitted to the jury; and it must also be instructed that if it finds that such restriction existed and that it was intended not to be violated, the violation would be a material deviation from the permitted use, which would prevent a recovery against State Farm, the insurer.

Judgment reversed and new trial awarded.

WRIGHT, J., would affirm on the opinion of the court below.