## Weingartner v. Duncan

*Keller & Luxenberg*, for plaintiff.

*Jamison & Jones*, for garnishee.

HENDERSON, J., September 16, 1965.—This matter is before the court on preliminary objections filed by Erie Insurance Exchange in response to a praecipe issued to the Prothonotary of Lawrence County by Nationwide Mutual Insurance Company, garnishee, entitled "Praecipe for Writ to Join Additional Garnishee".

Following an automobile accident, W. Fred Weingartner filed this action against Margaret LaVerne Duncan, now Margaret LaVerne Yhelka, and the court without a jury entered a verdict in favor of plaintiff in the amount of $9,500.

It appears that at the time of the accident Margaret LaVerne Duncan was operating an automobile owned by D. Robert Baron and Edith Baron, his wife. Nationwide Mutual Insurance Company is made garnishee herein by virtue of an insurance policy which it had previously issued to Mr. and Mrs. Baron, the owners.

It appears from the record that at the time of the accident, the driver, Margaret LaVerne Duncan, had no insurance coverage.

Following the entry of the verdict, judgment was

taken on the verdict, and plaintiff issued attachment execution against Nationwide Mutual Insurance Company as garnishee, since it was the carrier of the policy of the owner of the automobile. After answering interrogatories issued to it, Nationwide Mutual Insurance Company issued the above-mentioned praecipe to join Erie Insurance Exchange as additional garnishee, on the theory that Erie Insurance Exchange may have been the insurer of plaintiff's automobile and that there may have been "uninsured motorist" coverage in that policy. Following the issuance of that praecipe and the interrogatories which accompained it, Erie Insurance Exchange has filed these preliminary objections, on the theory that no such procedure is authorized under Pennsylvania Rules of Civil Procedure. It asks that this writ be stricken.

None of the parties have submitted any case which either authorizes or prohibits Nationwide's procedure.

It is the position of Nationwide Mutual Insurance Company that Duncan was an uninsured motorist, that plaintiff is covered by a policy issued by Erie Insurance Exchange protecting against injuries caused by an uninsured motorist, and that it is entitled to determine whether Erie Insurance Exchange has made any payment to plaintiff and, if so, in what amount.

Though in this case defendant did not have coverage, it does not necessarily follow, as Nationwide alleges, that defendant was an "uninsured motorist" according to the technical meaning of the term. Even though defendant personally had no coverage, Nationwide had, by contract, agreed to provide coverage on defendant's behalf if defendant was driving with permission. If that is the case, it could very well be determined that defendant does not fall into the category of "uninsured motorist".

Nationwide points to Pa. R. C. P. 3145 (a), which reads as follows:

"The procedure between the plaintiff and the garnishee shall, as far as practicable, be the same as though the interrogatories were a complaint and the answer of the garnishee were an answer in assumpsit".

Likening this to an action in assumpsit, Nationwide points to the right of defendant to file a complaint to join as an additional defendant any person not a party to the action who may be jointly or severally liable on the cause of action declared upon (Pa. R. C. P. 2252), as in the case of a defendant joining an additional defendant in an assumpsit action. Nationwide's position is that either Nationwide or Erie is answerable to plaintiff for his damages, and that this procedure should be permitted as falling within the purpose of the new execution procedure, as set forth in the comment of the rules committee "to provide a simple and efficient method of execution consistent with the protection of rights of the garnishee as well as within the object of the rules—to secure a just, speedy and inexpensive determination of every action or proceeding".

We can see many comparisons between the ideal procedure in attachment execution and the assumpsit procedures for joining other parties to the action. We also can see many favorable comparisons between Nationwide's position here and a defendant's petition for severance of one or more plaintiffs, in order to join that severed plaintiff as an additional defendant. We also are very much aware of the advantages of determining the comparative rights of all parties in the same action in order to reduce litigation, particularly if the substantive rights of one party cannot be harmed thereby. It appears to the court that the procedures taken by Nationwide in this case are consistent with the purposes and policies behind the Rules of Civil Procedure and the expediency of justice. However, we do not agree with Nationwide that this procedure can be followed.

Attachment execution is not a common-law remedy, and, therefore, there must be strict compliance with the statutes and rules providing for it. A reading of the attachment execution rules leaves us with the firm impression that this remedy is to be used only at the direction of plaintiff judgment holder or on plaintiff's behalf, and shall be directed only against defendant and/or persons who are in some way holding or controlling property of defendant or property to which defendant is entitled. Certainly, in this case, Erie holds no assets of defendant or assets to which defendant might be entitled.

Nationwide points out that neither does it stand in such a relationship with defendant here, which is so. However, Nationwide entered into a contractual relationship, which may very well have obligated it, through defendant, to plaintiff for a specified consideration. If Erie had also entered into such a contractual relationship, as Nationwide claims, any obligation resulting therefrom would not be an obligation through defendant. Nationwide should not, at this stage of the proceedings, be permitted to take advantage of the fact that plaintiff elected to provide himself with additional contractual protection through Erie. Under our interpretation of the fact situation, as Nationwide believes it to be, we do not find that Nationwide would be entitled to either contribution or indemnification from Erie, should the jury determine Nationwide is responsible to plaintiff for the amount of this judgment.

The rules themselves indicate nothing which would permit Erie to be made an additional garnishee in this proceeding. Pa. R. C. P. 3101(b) identifies those who may be garnishees in the following language:

"Any person may be a garnishee and shall be deemed to have possession of property of the defendant if he (1) owes a debt to the defendant; (2) has property of the defendant in his custody, possession or control; (3)

holds as fiduciary property in which the defendant has an interest; (4) holds the legal title to property of the defendant whether or not in fraud of creditors; or (5) owns or possesses real property subject to a mortgage, judgment or other lien in which defendant has an interest".

Erie falls under none of the categories.

Even though Pa. R. C. P. 3145(a) would treat interrogatories and answers as a complaint and answer in assumpsit, the rule says that this shall only be done "as far as practicable". Judge Flood has discussed this in Jennison v. Aacher, 201 Pa. Superior Ct. 583, and notes as follows, at page 587:

"This rule provides that the procedure between the plaintiff and the garnishee shall, 'as far as practicable, be the same as though the interrogatories were a complaint and the answer of the garnishee were an answer in assumpsit'. The use of the subjunctive 'were' is evidence that the interrogatories are not a complaint. In view of other rules relating to the interrogatories such as Pa. R. C. P. Nos. 3144, 3145 (b) and 3253, they cannot be treated as a complaint either as to form or content.

". . .

"The interrogatories are in no proper sense a pleading and neither Pa. R. C. P. No. 3145 (a) nor any of the other rules convert them into a complaint. Interrogatories constitute a discovery process and not a pleading either in form or substance, although for some purposes they stand instead of a complaint. They are treated as a complaint only 'as far as practicable' ". See also Fleming v. Quaid, 204 Pa. Superior Ct. 19.

Further reference to the rules indicate that when interrogatories are served upon the garnishee, he may not only answer them but may set forth under the heading "New Matter" the defenses of immunity or exemption, or any defense or counterclaim that he

could have asserted against defendant, if sued by defendant, as well as any claim he could have asserted against plaintiff, if sued by plaintiff: Pa. R. C. P. 3145 (b). As we read the rules, the garnishee is limited to these things in its pleading, and nowhere is a provision made for the action taken here by Nationwide.

Even if Nationwide's belief as to a contract between Erie and plaintiff is correct, there is no connection between the two policies, and a suit brought on either policy would, of necessity, be determined only by an interpretation of that policy. It is not equitable to force plaintiff into a lawsuit concerning its own policy with Erie, and thus clutter up plaintiff's case against his wishes. Nowhere in the law do we find that the right lies with one garnishee to require of plaintiff that an attempted collection of the debt be made against other potential garnishees. This option does not lie with the garnishee.

Nationwide likens this case to Helwig v. Esterly, 205 Pa. Superior Ct. 185, in which case two insurance companies were named as garnishees by plaintiff in the attachment execution on a judgment. In that case, plaintiff decided to join both companies as garnishees, where in the case at bar, plaintiff decided to name only one. We see nothing in that case which would indicate that had only one been named as garnishee, the option would lie with it to join the other.

Here, the cause of garnishment action is based on the provisions of the Nationwide policy only, and Erie is a total stranger to the policy.

### ORDER OF COURT

Now, September 16, 1965, the preliminary objections filed by Erie Insurance Exchange are sustained, and the writ to join Erie Insurance Exchange as an additional garnishee is stricken, as are the interrogatories issued to Erie Insurance Exchange by Nationwide Mutual Insurance Company.