375 A.2d 179

**Barbara Ann CRESPY**

v.

**Jeffrey BLIESMER, Appellant, and Regina Borger, Harry Rich, Milton S. Rich and John Stickel.**

Superior Court of Pennsylvania.

Argued March 16, 1976.

Decided June 29, 1977.

David H. Trushel, Pittsburgh, for appellant.

No appearance entered nor brief submitted for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, PRICE, VAN der VOORT, and SPAETH, JJ. (CERCONE, J., absent).

SPAETH, Judge:

This is a declaratory judgment action. Barbara Ann Crespy filed an action to recover damages for injuries suffered in an automobile accident. Among the defendants were appellant Jeffrey Bliesmer and appellee Regina Borger. The carrier for Bliesmer filed a petition for declaratory judgment, seeking a determination of whether it or the carrier for Borger would be liable for any verdict obtained against Bliesmer. The lower court held that Bliesmer's carrier should provide primary coverage. We affirm, for reasons different from the lower court's.

The facts were found and stated by the lower court as follows:

Defendant, Regina Borger, was the owner of a Ford station wagon which she lent to her daughter, Zonie Borger, for her use while employed in State College. Contrary to directions of her mother, Zonie permitted others to operate the vehicle, including John Stickel and Jeffrey Bliesmer (defendants herein). In October, 1971, Stickel offered to buy the vehicle; and on October 12th, he and Zonie went to her parents' home where Stickel and the parents made a deal. Defendant, Regina Borger, signed and notarized the certificate of title for transfer of ownership to Stickel. However, because Stickel did not have the full purchase price, Regina Borger retained the certificate, which was to be delivered to Stickel only when he paid the balance of the purchase price. Zonie was directed to drive the car to State College (being accompanied by Stickel) to park it and await full payment. However, Zonie misunderstood parental direction and gave the keys to Stickel to park it. On the following day, October 13th, defendant-Bliesmer obtained the keys from Stickel, went for a ride with plaintiff as passenger, and became involved in an accident, causing serious injuries to plaintiff.

R. 123a–124a.

From these facts the court concluded that "title to the Borger car was still in Regina Borger at the time of the accident, there having been no delivery or effective transfer of title," R. 124a,[1] and that while appellant Bliesmer was covered by the omnibus clause of appellee Borger's insurance policy, in addition to being covered by his father's policy. R. 125a–126a, his father's policy should provide primary coverage, R. 126a.

■ This case is controlled by our recent decision in *Belas v. Melanovich*, 247 Pa.Super. 313, 372 A.2d 478 (1977), and by *Carlsson v. Pennsylvania General Insurance Co.*, 214 Pa.Super. 479, 257 A.2d 861 (1969) (dictum), *aff'd* 438 Pa. 533, 265 A.2d 520 (1970), and *Helwig v. Esterly*, 205 Pa.Super. 185,

---

1. On this appeal appellee does not contest the correctness of this holding.

208 A.2d 10 (1965). To be covered by the omnibus clause of appellee's policy, appellant must show that he used appellee's car "with the permission of the named insured." The permission may be implied; but the rule of the cases just cited is that

> there must be a connection made with the conduct of the party whose consent, either express or implied, is necessary. . . . [T]here may be acts, circumstances and facts, such as the continued use of the car, but unless they attach themselves in some way to the acts of the party whose consent must be had there can be no implication of consent arising, because consent signifies some fact or circumstance proceeding from the party who must consent in order to make the act valid.

*Beatty v. Hoff,* 382 Pa. 173, 177, 114 A.2d 173, 174, (1955).

Here, appellant has shown no "connection made with the conduct of the party whose consent, either express or implied, is necessary," *i. e.,* appellee Regina Borger. Appellee had never heard of appellant before the accident occurred; she first met him at depositions. Appellee repeatedly instructed her daughter that she should never allow anyone else to drive the car. *See Carlsson v. Pennsylvania General Insurance Co., supra* 214 Pa.Super. at 481–82, 257 A.2d at 862–863 (dictum); *Helwig v. Esterly, supra* 205 Pa.Super. at 190, 208 A.2d at 12. Nor can appellant be said to be "connected" with appellee through the sale pending between appellee and John Stickel, for the evidence was clear and uncontradicted that the Borgers told their daughter to drive the car back to State College, park it, and keep the keys until Stickel had made full payment. R. 57a, 86a. Under these facts, Stickel himself was not a permittee and therefore he could not have had an implied grant from appellee to give appellant use of the car. *Belas v. Melanovich, supra,* 247 Pa.Super. 313, 372 A.2d 478; 7 Am.Jur.2d, Automobile Insurance, § 116.

Since we find that appellant is entitled to no coverage under appellee's insurance policy, it follows that the

lower court was correct in holding that appellant's insurance must provide primary coverage.[2]

Order affirmed.

CERCONE, J., did not participate in the consideration or decision of this case.

**2.** Appellee took no cross-appeal; we therefore cannot hold that her insurance will not be liable for secondary coverage. *See* 5 Am. Jur.2d, Appeal & Error § 707, at 153–54; 5 C.J.S. Appeal & Error § 1498; Annot., 1 L.Ed.2d 1820; *Marks v. Bell Telephone Co. of Pa.,* 460 Pa. 73, 80 n. 3, 331 A.2d 424, 427 n. 3(1975).