**CONTINENTAL INSURANCE CO., Appellant,**

v.

**Kenneth BODIE, Appellee.**

**Nos. 81–1253, 81–1416/17.**

United States Court of Appeals, Third Circuit.

Argued Jan. 14, 1982.
Decided June 28, 1982.

Robert Zimmerman, Gamal & Zimmerman Associates, Christiansted, St. Croix, V. I., for appellant; Dante Mattioni (argued), Francis X. Kelly, Mattioni, Mattioni & Mattioni, Ltd., Philadelphia, Pa., of counsel.

Thomas Alkon (argued), Christiansted, St. Croix, V. I., for appellee.

Before HUNTER and HIGGINBOTHAM, Circuit Judges, and WEINER,* District Judge.

## OPINION OF THE COURT

WEINER, District Judge.

This is an appeal from the denial of plaintiff-appellant's motion for summary judgment, grant of defendant-appellee's cross-motion for summary judgment, and entry of judgment in favor of defendant-appellee and declaring defendant-appellee an insured driver under plaintiff-appellant's liability insurance policy. Because we conclude that there are disputed issues of fact so that summary judgment was inappropriate in this matter, we shall remand for further proceedings.

### I.

On August 8, 1975, Earl Drummond (Drummond) rented an automobile for a three day period from Preferred Rentals, Inc. (Preferred), a St. Croix, Virgin Islands car rental agency insured by Continental Insurance Co. (Continental). On the next day, August 9th, a daughter of Drummond was to be married, and while driving members of the wedding party to the ceremony, Kenneth Bodie, (Bodie), Drummond's 25 year old brother, lost control of the rented car, and Lester Pool (Pool), Drummond's nephew, was seriously injured. Drummond

---

* Honorable Charles R. Weiner, United States District Judge for the Eastern District of Penn-

was not in the car at the time of the accident. Just how and why Bodie happened to be driving the vehicle is in essence the subject of this appeal. The district court said the following in its "Factual Background:" "Having the obligation of transporting members of the wedding party to the church, a few miles distant, Drummond turned over the rented car to his 25 year old brother, Kenneth Bodie, whom he had engaged to drive that group of ushers and bridesmaids." App. 506a.

On February 22, 1980, Pool brought a personal injury action against Bodie, who notified Continental, the insurer of the car. Continental disclaimed coverage and refused to defend, and subsequently filed this action for a declaratory judgment that Bodie was not insured under the policy issued by Continental to Preferred. In the interim, Pool recovered a $2,720,700.00 judgment against Bodie. This appeal followed grant of summary judgment in favor of Bodie and against Continental.

### II.

#### A.

At issue in this case is the coverage, with regard to the use of the automobile by Bodie, of the insurance policy issued by Continental to Preferred. The decision of this court in *Buntin v. Continental Insurance Co.*, 583 F.2d 1201 (3d Cir. 1978) makes clear that the relevant document for the court's consideration is the Continental insurance policy, issued to Preferred, not the rental agreement between Preferred and Bodie, for it is the former which governs the scope of Continental's coverage. *Id.* at 1205.

*Buntin* involved the very same policy of Continental providing insurance to Preferred, and a similar issue of coverage to one other than Preferred's permittee. We held there that where the insured vehicle was being used for the purposes and benefit of the named insured's permittee, and while

sylvania, sitting by designation.

the permittee was travelling in the car, the person actually driving the car was included within the omnibus clause and was an additional insured under the policy. *Id.*

The *Buntin* court then ruled that the so-called "omnibus clause" of the policy, rather than the conflicting Endorsement No. Two rider, was the controlling definition of "insured." The omnibus clause provides as follows:

"III Definition of Insured

(a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either. The insurance with respect to any person or organization other than the named insured or such spouse does not apply."

## B.

In resolving the question of whether Bodie was an "insured" within the meaning of the policy, the district court stated that "Bodie was using the car for Drummond's purposes and benefit as he was transporting members of Drummond's daughter's wedding party when the accident occurred." App. 511a. That finding was apparently based upon the statement in the court's recital of the "Factual Background" that "Drummond turned over the rented car to his 25 year old brother, Kenneth Bodie, whom he had engaged to drive that group of ushers and bridesmaids." App. 506a. The court thus found that "[s]ince the vehicle was being utilized within the scope of the permitted use, that is by . . . [Drummond], the person actually operating it would be included within the omnibus clause and would be an additional insured under the policy." App. 511a.

Following that conclusion, the court then rejected Continental's legal argument that

permitted use under the omnibus clause extends only so far as to include coverage of one using the car while Preferred's original permittee (here, Drummond) is in the car at the same time, but not when that permittee is not in the car, as was the situation here. App. 511a. The district court also refused to deny coverage on the basis of Bodie being an unlicensed driver. App. 512a.

## III.

### A.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be entered only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." This court has previously characterized summary judgment as a "drastic remedy," and made clear "that courts are to resolve any doubts as to the existence of genuine issues of fact against the moving parties." *Hollinger v. Wagner Mining Equipment Co.*, 667 F.2d 402, 405 (3d Cir. 1981); *Ness v. Marshall*, 660 F.2d 517, 519 (3d Cir. 1981); *Tomalewski v. State Farm Life Ins. Co.*, 494 F.2d 882, 884 (3d Cir. 1974).

Furthermore, "inferences to be drawn from the underlying facts contained in the evidential sources submitted to the trial court must be viewed in the light most favorable to the party opposing the motion." *Hollinger v. Wagner Mining Equipment Co.*, 667 F.2d at 405; *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976), *cert. denied*, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). "Any reasonable inferences from the facts must be resolved in favor of the parties against whom the judgment is entered." *Peterson v. Lehigh Valley District Council, United Brotherhood of Carpenters and Joiners*, 676 F.2d 81, at 84 (3d Cir. 1982); *Betz Laboratories, Inc. v. Hines*, 647 F.2d 402, 404 (3d Cir. 1981).

In applying these principles, this court has noted that "[s]ummary judgment is a

useful procedure when there is no dispute about the critical facts and it serves to eliminate the expense and delay of unnecessary trials." *Peterson v. Lehigh Valley District Council*, at 84. "However, when there is a disagreement about the facts or the proper inferences to be drawn from them, a trial is required to resolve the conflicting versions of the parties." *Id.*

### B.

Since this is a case involving no more than legal interpretation of an insurance policy, and most of the questions raised are legal, rather than factual in nature, this matter might appear to be one for which summary judgment is particularly appropriate. However, the facts are simply not free from dispute as regards who, if anyone, handed over the car to Bodie, and for what purpose.

The question of how Bodie came into control of the car, and the exact nature of his use of the car are material issues of fact which go to whether that use was authorized by, or for the purposes and benefit of the insured's permittee, Earl Drummond, and thus whether as driver of the car Bodie is an additional insured under the omnibus clause.

As already noted, the district court's opinion states that "Drummond turned over the rented car to his 25 year old brother, Kenneth Bodie, whom he had engaged to drive" members of the wedding party. App. 506a. The district court then went on to say that "Bodie was using the car for Drummond's purposes and benefit as he was transporting members of Drummond's daughter's wedding party when the accident occurred." App. 511a.

The source of these "facts" relied on by the district court is not clear from the court's opinion, but appellant contends that the court improperly considered unsworn affidavits attached to and submitted in support of the cross motion for summary judgment of the defendant-appellee Bodie. According to appellant, it was Earl Drummond's son, Ernie Drummond, who turned the car over to Bodie. In his sworn deposition, Bodie has stated that it was Ernie who asked him to drive to pick up the bridesmaids. App. 48a. In addition, Bodie stated that no prior arrangements had been made with him to drive the car with the wedding party. App. 43a, 44a.

Since summary judgment is premised upon the prerequisite of an absence of issues of material fact, the factual basis upon which such a disposition may be achieved must be free from doubt. Here, the uncertainty concerning facts which could affect a determination of the scope of Continental's policy coverage is sufficient to preclude the granting of summary judgment.

Appropriate fact finding following a trial is necessary to establish the factual predicate for application of the insurance policy with regard to this particular defendant. This is, after all, not a situation in which we are asked to review facts already the subject of formal findings by the district court, nor are we confronted merely by a challenge to a legal analysis and interpretation which employs such facts. Rather, the case is an appeal from entry of summary judgment. Thus, as an initial consideration, and quite apart from whether either party may be entitled to judgment as a matter of law if the facts are undisputed, the cases cited above in Part III A. are resolutely clear in their holdings that a court must look at the facts in the light most favorable to the non-moving party, and draw all inferences accordingly. Resolving all doubts as to the existence of genuine issues of fact against the moving party, *Hollinger v. Wagner Mining Equipment Co., supra*, we have no choice but to remand this matter for trial. Only after the conflict in the facts as proclaimed by the parties is resolved by the fact finder can the law be properly applied.

### IV.

Appellant challenges the district court's finding of coverage for Bodie even though he was an unlicensed driver, and Drummond, the lessee of the car and Preferred's permittee, was not in the car with him when the accident occurred. With respect to these matters, we make the following comments for the benefit of the court on remand.

■ As regards Bodie's use of the car without a driver's license, the district court correctly observed that no express clause in the policy excludes coverage of an unlicensed driver. Accordingly, coverage ought not to be denied under a policy to be strictly construed against its drafter, Continental. *See Buntin v. Continental Insurance Co.*, 583 F.2d at 1207, *citing, inter alia, Stroehmann v. Mutual Life Insurance Co. of New York*, 300 U.S. 435, 57 S.Ct. 607, 81 L.Ed. 732 (1937).

■ Absence of the permittee of Preferred, Continental's insured, from the vehicle at the time of the accident similarly does not necessarily bar coverage of Bodie. As previously noted, in *Buntin v. Continental Insurance Co., supra*, this court found coverage for the driver, in addition to the renter of the car, where the vehicle was being used within the scope of the permitted use, and the renter was travelling in the car. However, artificially drawing the line for coverage of non-renter drivers of rental cars at presence of the renter in the car appears to us to be an ill conceived distinction. Though surely there comes a point at which it can be said that coverage ought be extended no further, presence or absence of the renter in the vehicle is not by itself so significant that coverage may be based solely on that factor. After all, merely because we can distinguish between situations in which the insured's permittee, the renter of the car, is or is not present in the car while it is being driven by another is not reason enough to automatically find legal significance in such distinction.

A finding of coverage depends upon an evaluation of the totality of the circumstances involving use of the car by Bodie, following full development of all the relevant facts.

Thus, whether Bodie should be found an additional insured is a matter for the district court on remand, and the court's determination of policy coverage may well be affected by facts which may come to light at trial. We do not purport to decide if Bodie is in fact an additional insured, but only to address the specific objections to coverage raised by appellant on this appeal.

## V.

In accordance with the above opinion, the judgment in favor of Bodie and declaring him an insured under Continental's insurance policy with Preferred is reversed and remanded for further proceedings.

A. LEON HIGGINBOTHAM, Jr., Circuit Judge, dissenting.

While I agree with the majority that there is some dispute over whether Earl Drummond (the renter of the car) gave the car directly to Kenneth Bodie or to Ernie Drummond, who in turn gave it to Kenneth Bodie, I do not agree that the resolution of this fact has a material bearing on the legal issue of Continental's liability under the policy in question. I, therefore, respectfully dissent from the majority's view that a remand is necessary in this case.

There is no dispute that Earl Drummond rented the car for the purpose of transporting members of his family to his daughter's wedding. There is also no question that Kenneth Bodie, the driver of the car, was, in fact, transporting members of the wedding party when the accident occurred. I am persuaded that the district court properly granted summary judgment against Continental, because the car was being used for Earl Drummond's purposes.

In *Buntin v. Continental Insurance Co.*, 583 F.2d 1201, 1207 (3d Cir. 1978), we concluded "[w]ithout question, the rental agency, and in turn its insurer, should have foreseen that the rented vehicle might well have come into the hands of a person other than the rentee." The majority recognizes this principle when they write that "[a]bsence of the permittee of Preferred [Earl Drummond], Continental's insured, from the vehicle at the time of the accident similarly does not necessarily bar coverage of Bodie." Majority Opinion, at 440. Further, in *Maryland Casualty Co. v. Marshbank*, 226 F.2d 637 (3d Cir. 1955), we concluded that the critical question in a coverage case is whether the car was being used with the permission of the named insured. There, a father permitted his son to borrow the family car for the purpose of taking his date and another couple to a

movie theater. The son, in turn, relinquished the driving of the car to the other young man. In holding that this second driver was covered our court wrote:

In the present case the use to which the Marshbank automobile was being put at the time of the accident was precisely the use which Marshbank, the named insured, had agreed to permit, namely the conveyance of the four young people, including Charles, for the purpose of attending the moving picture theatre. In order to be used for this purpose it was necessary for the automobile to be operated by someone and, as Marshbank testified, he left that matter entirely up to his son.

226 F.2d at 640. I think a fair reading of the *Buntin* and *Marshbank* opinions leads to the conclusion that, since the car was being used for the purpose Earl Drummond intended, it is of no legal significance whether Kenneth Bodie received the car directly from Earl Drummond or from Ernie Drummond who received it from Earl.