## Funovitz v. Allstate Insurance Company

*Phillips and Faldowski*, for petitioners.
*Trushel, Wood and Israel*, for respondent.


BELL, *J.*, March 31, 1981—This matter is before the court upon exceptions filed by petitioner, Keith F. Funovitz, to the order of Charles G. Sweet, P.J., dated November 5, 1980, denying petitioner's motion for declaratory judgment.

The procedural and factual history of the case are as follows: After depositions of both petitioner and the insured policyholder of respondent, petitioner requested a declaratory judgment from this court pursuant to the "provisions of the Act of May 22, 1935, P.L. 228, Section 1, et seq."[1] There were no disputed issues of fact presented in this action, and the right of trial by jury was not demanded and thereby waived.[2] After a hearing and arguments, our colleague, President Judge Charles G. Sweet, on November 5, 1980, denied petitioner's motion for declaratory judgment. Exceptions were taken to this order by petitioner. The facts of the case are both simple and tragic.

---

1. The Judicial Code and JARA repealed both the original Uniform Declaratory Judgments Act of June 18, 1923, P.L. 840, 12 P.S. §846, and the supplementary procedural Act of May 22, 1935, P.L. 228, 12 P.S. §847. The new Declaratory Judgments Act now appears as sections 7531 et seq. of the Judicial Code, 42 Pa.C.S.A. §7531 et seq.

2. Pa.R.C.P. 1601.

Prior to April 1, 1978, a Mr. Peter L. Basile was issued an automobile liability insurance policy by respondent, Allstate Insurance Co. (hereinafter referred to as Allstate), on a 1975 Triumph automobile, which was also titled in his name. This policy was in force and effect when he allowed his daughter, Jackie Lynn Basile, to take possession of the vehicle and use it while she attended Washington and Jefferson College in the City of Washington, Pa.

During the year of 1978, while still a sophomore, Miss Basile became acquainted with a Mr. Keith F. Funovitz who was also a student at Washington and Jefferson College. Mr. Funovitz had seen Miss Basile operate the Triumph around the campus and assumed that she "owned" the car. On April 1, 1978, he asked Miss Basile if she wanted to go for a ride to Mingo Park in Washington County and further asked her if she would mind him operating the vehicle. She responded by handing him the keys. Miss Basile remained in the car as a passenger throughout the ensuing trip. During this ride, the occupants of the Basile automobile collided with another car and Miss Basile received fatal injuries.

It is averred by petitioner that Allstate is obligated to provide him coverage by virtue of the omnibus provision[3] contained in the policy of Mr. Basile, decedent's father. In order to be deemed a permitted user, and thereby entitled to Allstate's representation in any subsequent claims arising out of this accident, Mr. Basile (the insured party)

---

3. A provision such as this is one which extends the protection of the policy to any person using the automobile or legally responsible for its use, provided that the use of the car is by the named insured or with his permission or consent.

must have given either express or implied consent to Mr. Funovitz to use his car or have allowed Jackie Lynn (his permittee) to use her own discretion in deciding who should operate the Triumph: Snyder v. Carlson, 135 Pa. Superior Ct. 390, 5 A. 2d 588 (1939); Conrad v. Duffin, 158 Pa. Superior Ct. 305, 44 A. 2d 770 (1945). The test applied is whether the insured acted in a manner that would warrant a belief that ensuing use of the automobile was with his consent, and there must be a connection made with the named insured's own conduct; that is, proof of acts and circumstances that attach to the acts of the named insured: Belas v. Melanovich, 247 Pa. Superior Ct. 313, 372 A. 2d 478 (1977).

No party claims that actual permission was given to Mr. Funovitz by Mr. Basile. Rather, it is contended that the necessary permission was given by implication. The literature on cases of this type shows that implied consent arises as a product of the present or past conduct of the insured and by the relationship existing between the parties. The suggestion is also made that the conduct of the insured that is to imply permission should have been given over a long period of time. See, 12 Couch on Insurance 2d §45:352.

Such conduct has not been found by this court in the record and depositions of the parties. On the contrary, the sworn statement of Mr. Basile is that he did not know Mr. Funovitz, nor give him permission to drive the car. He also swears that he never gave his daughter permission to let anyone drive any car of his and that he was not aware of any instance where his instructions were not obeyed. In his deposition, Mr. Basile stated simply and directly that "Jackie was the only one that was to drive that vehicle."

Petitioner argues that while the named insured did tell Jackie Lynn that "she was the only one to use the car," he did not give express prohibition against others to use the vehicle. This reasoning is both oversubtle and self-serving. The law simply does not demand that such precise language be used.

Petitioner also argues that "in this day and age, if one gives a sports car to one's daughter to take with her to use as if it is hers and hers alone at college, then one should not be at all surprised if others . . . drive that automobile." This is probably true, however, experience and common sense show that parents of college students today would probably not be "surprised" with much of their progeny's conduct, but still would not allow it in any event.

A number of cases from other jurisdictions that were cited by petitioner indicate a greater willingness to find permitted use in cases of this type. We can understand the social policy and reasons that underly these decisions; however, in our Commonwealth we require acts and not expectations before we find that the insured intended to cover a user of his vehicle through his policy. The sworn statement of Mr. Basile is that he understood and directed that his daughter would be the only operator of his vehicle, we will preserve his expectation and not the expectation of third parties. In accord, Crespy v. Bliesmer, 248 Pa. Superior Ct. 441, 375 A. 2d 179 (1977).

## ORDER

And now, March 31, 1981, petitioner's exceptions are dismissed and the order dated November 5, 1980, is affirmed.