**UNITED STATES of America,
Plaintiff,**

v.

**Rocco PELLEGRINO, Defendant.**

United States District Court
S. D. New York.

Sept. 26, 1957.

Paul W. Williams, U. S. Atty., for Southern District of New York, New York City, Daniel F. McMahon, Asst. U. S. Atty., and Harold J. Raby, Asst. U. S. Atty., New York City, of counsel, for United States.

Louis Bender, New York City, for defendant.

FREDERICK van PELT BRYAN, District Judge.

The Government moves for summary judgment, pursuant to Rule 56, Fed.Rules Civ.Proc., 28 U.S.C.A. in this proceeding for revocation of citizenship of a naturalized citizen under Section 338(a) of the Nationality Act of 1940, and under Section 340 of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1451(a). Apparently the Government has withdrawn the portion of its petition laid under Section 338(a) of the Nationality Act of 1940. It asserts, however, that defendant's naturalization was obtained by fraud through his wilful and intentional misrepresentation of material facts concerning alleged illegal entries into the United States from Canada, and with respect to his alleged criminal record, and that the defendant's citizenship should be revoked under Section 340 of the 1952 Act.

The Government bears a heavy burden in a denaturalization proceeding. It must establish by " 'clear, unequivocal, and convincing' evidence which does not leave 'the issue in doubt' " that the defendant has been guilty of fraud or illegal conduct in obtaining naturalization which deceived the Government or the court. Schneiderman v. United States, 320 U.S. 118, 158, 63 S.Ct. 1333, 1352, 87 L.Ed. 1796; Klapprott v. United States, 335 U.S. 601, 612, 69 S.Ct. 384, 93 L.Ed. 266; Knauer v. United States, 328 U.S. 654, 66 S.Ct. 1304, 90 L.Ed. 1500; United States v. Anastasio, 3 Cir., 226 F.2d 912. As the Supreme Court said in Baumgartner v. United States, 322 U.S. 665, 670, 64 S.Ct. 1240, 1243, 88 L.Ed. 1525, there must be " * * * solidity of proof which leaves no troubling doubt in deciding a question of

such gravity as is implied in an attempt to reduce a person to the status of alien from that of citizen." In such a proceeding " * * * the facts and the law should be construed as far as is reasonably possible in favor of the citizen." Schneiderman v. United States, supra. See, also, United States v. Minker, 350 U.S. 179, 193, 76 S.Ct. 281, 100 L.Ed. 185; Gonzales v. Landon, 350 U.S. 920, 76 S.Ct. 210, 100 L.Ed. 806.

On the papers now before me the Government has not sustained this burden, and, indeed, it would be most difficult for it to do so on a motion for summary judgment. Intent to deceive on the part of the defendant is an essential element of the Government's proof. United States v. Tuteur, 7 Cir., 215 F.2d 415; Knauer v. United States, supra. There are plainly triable issues of fact as to this as well as other matters.

The motion for summary judgment must be denied. See Arnstein v. Porter, 2 Cir., 154 F.2d 464; Colby v. Klune, 2 Cir., 178 F.2d 872.