**UNITED STATES of America, Plaintiff,**

v.

**Peter TOOMA, also known as Peeter Neudorff Tooma, Defendant.**

**Civ. A. No. 16589.**

United States District Court
E. D. Michigan, S. D.

Oct. 18, 1960.

George E. Woods, Jr., U. S. Atty., John L. Owen, Asst. U. S. Atty., Detroit, Mich., for plaintiff.

Harry Kobel, Detroit, Mich., for defendant.

LEVIN, Chief Judge.

This denaturalization action is brought on the ground that the order and certificate of naturalization were "procured by concealment of a material fact or by willful misrepresentation," Sec. 340(a) of the Immigration and Nationality Act, 8 U.S.C.A. § 1451(a).

The defendant was born in Estonia in 1935 and lived there until that country was re-occupied by the Union of Soviet Socialist Republics in 1944, following the German defeat. In that year, the defendant and his mother and sister (his father was killed in 1942) moved to Austria and two years later traveled to the French zone in Germany. In 1949, they entered the United States as refugees and complied with all lawful admission requirements.

On July 13, 1954, the defendant filed a preliminary application for naturalization. After being interviewed by a naturalization examiner and obtaining approval of this application, he filed a petition for naturalization on August 12, 1954. A designated examiner gave the defendant a hearing and thereafter recommended his admission to citizenship. The defendant was naturalized on November 11, 1954, in the United States District Court for the Eastern District of Michigan.

On April 26, 1955, the defendant was convicted in the Circuit Court for the County of Washtenaw of embezzlement of over $50 during the period June through September, 1954. The United States contends that, since the embezzlement took place prior to the filing of the preliminary application, the defendant procured citizenship fraudulently in answering "No" to questions "6"[1] and "18"[2] on his preliminary application.

1. "(6) Have you ever, in the United States or in any other country, been arrested, charged with violation of any law or ordinance, summoned to court as a defendant, convicted, fined, imprisoned, or placed on probation or parole, or forfeited collateral for any act involving a felony, misdemeanor, or breach of any public law or ordinance? [ ] Yes, [ ] No."

2. "(18) The law provides that no person shall be regarded as a person of good

At the time the defendant answered question 6, he had never " * * * been arrested, charged with violation of any law or ordinance, * * * convicted, fined, imprisoned, or placed on probation or parole, * * *" His response was truthful and hence cannot be a ground for revocation of his citizenship.

■ Patently, the defendant's answer to question 18 was false, as he had at that time "committed a crime involving moral turpitude," embezzlement. However, to establish concealment of a material fact or willful misrepresentation, the Government must go beyond the mere falsity of an answer and must demonstrate knowledge of the falsity of the statement and the intent to deceive. United States v. Tuteur, 7 Cir., 1954, 215 F.2d 415; United States v. Pellegrino, D.C.S.D.N.Y. 1957, 155 F.Supp. 726. As the Supreme Court stated in a case involving the fraudulent taking of an oath, Knauer v. United States, 1946, 328 U.S. 654, at page 659, 66 S.Ct. 1304, at page 1307, 90 L.Ed. 1500:

> "Hence, where the fate of a human being is at stake, we must not leave the presence of his evil purpose to conjecture * * * Furthermore, we are dealing in cases of this kind with questions of intent. Here it is whether Knauer swore falsely on April 13, 1937. Intent is a subjective state, illusory and difficult to establish in absence of voluntary confession. What may appear objectively to be false may still fall short of establishing an intentional misrepresentation which is necessary in order to prove that the oath was perjurious."

moral character who, during the period of residence required for naturalization, is or was an habitual drunkard; has committed adultery; derived income principally from illegal gambling activities; has given false testimony for the purpose of obtaining any benefits under the immigration and naturalization laws; is or was a polygamist or practiced or advocated polygamy; is or was a prostitute, or engaged in or received support or the proceeds from prostitution or procured or imported or attempted to pro-

On the witness stand before me, the defendant, during cross-examination, was asked what he believed would be a crime involving "moral turpitude." He replied that to him it was, "A morals offense, isn't it a sex offense, or something like that?" Question 18, except for the provision concerning commission of a crime involving moral turpitude, deals with the so-called "vices" and violations of the immigration laws. In this context, it is apparent that a nineteen-year-old youth, unfamiliar with legal terminology, could honestly believe that the words "moral turpitude" referred to a sexual offense.

It is significant that question 18 in the preliminary application was neither read nor explained to the defendant by the examiners. He was merely asked if he had read and had truthfully answered the question. Subsequent to the time of the filing of the petition by the defendant, question 18 was revised by the omission of the term "moral turpitude." The present form asks if the applicant has "committed any crime or offense." An examiner of the Immigration and Naturalization Service testified that the revision was necessitated by a desire to remove any ambiguity that might exist with respect to the wording of question 18.

■ Where the question asked a petitioner for naturalization is ambiguous, it is difficult to establish willful misrepresentation. See Nowak v. United States, 1958, 356 U.S. 660, 665, 78 S.Ct. 955, 2 L.Ed.2d 1048. As Judge Hincks recently stated:

> "Often it is possible to infer an intent to falsify and deceive from

cure or import persons for prostitution or any other immoral purposes or who came to the United States to engage in any other unlawful commercialized vice; who knowingly and for gain encouraged or aided any alien to enter the United States illegally; who has committed a crime involving moral turpitude; or is or has been an illicit trafficker of narcotic drugs. Have you at any time, either within or outside the United States, ever been or ever committed any of these things or acts? [ ] Yes, [ ] No."

the mere untruthful response to a question, the clarity of which leaves little or no room for a reasonable explanation of misunderstanding. But, when a question is not reasonably free from ambiguity, a clear understanding thereof and an intent to deceive are not to be readily implied merely from a false answer. Such, we think, is the case here." United States v. Profaci, 2 Cir., 1960, 274 F.2d 289, at page 292.

The Government contends that the defendant was under a duty to disclose his criminal activities to the naturalization examiner.[3] However, in this case, where an ambiguous question was honestly misinterpreted by an applicant who did not attempt to mislead, hinder, or elude the naturalization examiners' investigations of his background, it is evident that the defendant's silence was not an intentional concealment of information he should have disclosed.

 Unlike a naturalization proceeding in which the petitioner has the burden of demonstrating his "good moral character," once the order and certificate of naturalization are granted, the Government must prove its allegations of concealment of a material fact or willful misrepresentation by " 'clear, unequivocal, and convincing' evidence" which fails to "leave the issue in doubt," and, the "facts and the law should be construed as far as is reasonably possible in favor of the citizen." Schneiderman v. United States, 1943, 320 U.S. 118, 122, 135, 158, 63 S.Ct. 1333, 1341, 87 L.Ed. 1796. See also Baumgartner v. United States, 1944, 322 U.S. 665, 670, 64 S.Ct. 1240, 88 L.Ed. 1525; Knauer v. United States, 1946, 328 U.S. 654, 657–658, 66 S.Ct. 1304, 90 L.Ed. 1500; Nowak v. United States, 1958, 356 U.S. 660, 663, 78 S.Ct. 955, 2 L.Ed.2d 1048.

In considering all the circumstances surrounding the answer given to question 18 by the defendant, I hold that the Government has failed to satisfy the heavy burden of proof imposed upon it.

An order is being entered dismissing the action.

---

**3.** The Government does admit that the decisions supporting this contention generally were concerned with naturalization certificates "illegally procured." The provision of the 1940 Nationality Act pertaining to illegal procurement of a naturalization certificate was eliminated in Section 340(a) of the 1952 Immigration and Nationality Act. 8 U.S.C.A. § 1451 (a).