**UNITED STATES of America, Plaintiff,**

**v.**

**Joseph A. NARDONE, Defendant.**

**Civ. No. 90–163.**

United States District Court, M.D. Pennsylvania.

May 11, 1990.

Robert J. DeSousa, U.S. Attorney's Office, Lewisburg, Pa., for plaintiff U.S.

Ian M. Stuart, Philadelphia, Pa., and Ian M. Stuart, Stuart & Olizi, Audubon, N.J., for defendant Joseph A. Nardone.

David P. Cherundolo, Scranton, Pa., for third-party defendant John Williams.

Christopher Scott D'Angelo, Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for third-party defendants John Williams and Lower Lackawanna Valley Sanitary Authority.

Thomas Brian York, Office of Atty. Gen., Chief, Litigation Section, Harrisburg, Pa., for third-party defendants Jerome L. Hersl and Leonard C. Insalaco.

James M. Howley, Scranton, Pa., for third-party defendants Michael J. Pasonick, Jr., Inc., Michael J. Pasonick, John P. Defazio and Thomas Daughton.

Robert T. Panowicz and Anthony B. Panaway, Wilkes–Barre, Pa., for third-party defendant Al Kishel.

## MEMORANDUM

KOSIK, District Judge.

Currently pending before the court are a motion for summary judgment and a motion to strike the counterclaim and dismiss the third party complaint. After appropriate briefing by the parties, these matters are now ripe for disposition. For the reasons that follow, the motion for summary judgment shall be granted, and the motion to strike the counterclaim and dismiss the third party complaint shall be granted as well.

### I. *Background*

On October 31, 1989, a federal grand jury returned an indictment against defendant Joseph A. Nardone [hereinafter "Nardone"], charging him with, *inter alia*, violations of 18 U.S.C. §§ 287 and 1001. These charges arose out of the following circumstances. In September of 1985, in the aftermath of severe flooding from Hurricane Gloria, the President of the United States declared certain counties in the Commonwealth of Pennsylvania to be a major disaster area within the meaning of 42 U.S.C. § 5122. This Declaration authorized the Federal Emergency Management Agency [hereinafter "FEMA"] to release federal funds for the purpose of administering disaster relief efforts.

Defendant Nardone, as the Executive Director of the Lower Lackawanna Valley Sanitary Authority requested FEMA funds for storm damage to the Authority's facility. The defendant claimed that the screw portions of the Authority's three screw pumps were damaged by the storm. Subsequently, the defendant was criminally charged with making false statements and false claims to FEMA. On January 26, 1990, after a jury trial the defendant was found guilty of violating 18 U.S.C. §§ 287 and 1001. On that same day, the United States filed the instant action under the Civil False Claims Act against the defendant.

### II. *Discussion*

#### A. The Motion for Summary Judgment.

The standard of review to be applied by this court in a motion for summary judgment is clear. Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Federal Rule of Civil Procedure 56(c); *Williams v. Borough of West Chester*, 891 F.2d 458, 463–64 (3d Cir.1989). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. The entire record must be examined in the light most favorable to the non-moving party. *Continental Insurance v. Bodie*, 682 F.2d 436 (3d Cir.1982). In addition, the Supreme Court has ruled that Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), *cert. denied*, 484 U.S. 1066, 108 S.Ct. 1028, 98 L.Ed.2d 992 (1988). In order to defeat a properly supported motion for summary judgment, the non-moving party must present affirmative evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Such affirmative evidence—regardless of whether it is direct or circumstantial—must amount to more than a scintilla, but may amount to less (in the evaluation of the

court) than a preponderance. *Williams v. Borough of West Chester, supra.*

■ In the instant case the United States has filed a motion for summary judgment based on the collateral estoppel effect of the jury's guilty verdict. Collateral estoppel precludes litigating an issue if the identical question has been litigated in a prior suit which could not have been decided without its resolution. *United States v. Thomas,* 709 F.2d 968 (5th Cir. 1983). When an issue is resolved in favor of the United States in a criminal prosecution, the defendant may not contest that same issue in a subsequent civil suit brought by the government. *U.S. v. Killough,* 848 F.2d 1523 (11th Cir.1988). This rule applies regardless of whether the defendant was found guilty either by a jury verdict or a guilty plea. 31 U.S.C. § 3731(d).[1] *See Emich Motors Corp. v. General Motors Corp.,* 340 U.S. 558, 71 S.Ct. 408, 95 L.Ed. 534 (1951).

■ On January 26, 1990, the defendant was found guilty of the violations of 18 U.S.C. §§ 287 and 1001. As a result, the defendant is precluded from contesting the issues determined by those guilty verdicts. In addition, however, 31 U.S.C. § 3731(c) provides "In any action brought under section 3730, the United States shall be required to prove all essential elements of the cause of action, including damages, by a preponderance of the evidence." The defendant's criminal convictions for violating 18 U.S.C. §§ 287 and 1001 preclude him from denying the essential elements of those offenses. Nevertheless, the government still bears the burden of proving its damages.

The defendant argues that the issue of damages was not before the jury in the criminal proceeding and therefore the government is not entitled to summary judgment. We agree with the defendant that the issue of damages was not determined by the jury in his criminal trial; however, the only significance of this is that the collateral estoppel provision of 31 U.S.C. § 3731(d) is not applicable to the issue of damages. Thus, it is incumbent on the United States to come forward with evidence of the amount of damages to which it claims entitlement, and the fact that the issue of damages was not before the jury in the criminal trial does not preclude the government from introducing an affidavit in support of the instant motion.

To support its motion for summary judgment, the United States has filed the affidavit of James F. Oesterling.[2] This affidavit establishes that Oesterling is an employee of FEMA, that he inspected the Authority's facilities on several occasions, that a claim in the amount of $310,274.00 was made to FEMA and the Pennsylvania Emergency Management Agency for damage to the Authority's screw pumps, and that FEMA paid $187,173.00 to the Authority based on the defendant's false and fraudulent statements. Thus, the United States has put forward evidence establishing the amount of its damages and the burden has shifted to the defendant to put forward evidence disputing this amount. *See United States v. Thomas, supra* at 972–73. The defendant has failed to contest the government's evidence as to damages as required by Federal Rule of Civil Procedure 56(e). Accordingly, the United States' motion for summary judgment shall be granted.

**B. The motion to strike the counterclaim and dismiss the third party complaint.**

■ The defendant, in his answer to the complaint, has included a section entitled as a counterclaim, and in addition the defendant has filed a third party complaint naming several third party defendants. Both

---

1. 31 U.S.C. § 3731(d) provides:

Notwithstanding any other provision of law, the Federal Rules of Criminal Procedure, or the Federal Rules of Evidence, a final judgment rendered in favor of the United States in any criminal proceeding charging fraud or false statements, whether upon a verdict after trial or upon a plea of guilty or nolo contendere, shall estop the defendant from denying the essential elements of the offense in any action which involves the same transaction as in the criminal proceeding and which is brought under subsection (a) or (b) of Section 3730.

2. *See* Doc. 11.

the counterclaim and the third party complaint seek indemnification. The plaintiff and the third party defendants argue that the counterclaim and third party complaint must be dismissed. We agree.

The issue of whether indemnification from third party defendants is available in a False Claims Act case has been previously addressed by other courts. In *United States v. Kennedy*, 431 F.Supp. 877, 878 (C.D.Cal.1977), the court held that a defendant who is found liable under the False Claims Act is not entitled to indemnification from a third party defendant, even if it can be proven that he too would have been jointly and severally liable. *See also United States v. Entin*, S.D.Fla. Civil Number 84–2422 (Order, Scott, J., March 4, 1986) (holding that a defendant in a False Claims Act case is not entitled to either contribution or indemnity as a matter of law).[3]

Since we have determined that the plaintiff is entitled to summary judgment and the defendant is precluded from seeking indemnification as a matter of law, the defendant's counterclaim and third party complaint shall be dismissed.

### ORDER

AND NOW, this 11 day of May, 1990, IT IS HEREBY ORDERED THAT:

▮ the plaintiff's motion for summary judgment is granted;

▮ judgment is entered in favor of the plaintiff and against the defendant in the amount of $187,173.00;

▮ the defendant's counterclaim and third party complaint are dismissed; and

▮ the Clerk of Court is directed to close this case.

---

**3.** The only argument that the defendant makes in favor of his claim for indemnification is that a dismissal of his claim would deprive him of property, without due process of law. The defendant however cites no authority in support of his position or contrary to the above-mentioned cases.