**UNITED STATES of America, ex rel. PUBLIC INTEGRITY, Plaintiff,**

v.

**THERAPEUTIC TECHNOLOGY INC., Charles W. Moody, Timothy Hayes, and Richard Scott, Defendants.**

**THERAPEUTIC TECHNOLOGY INC., and Charles W. Moody, Third–Party Plaintiffs,**

v.

**HNE HEALTHCARE, INC., Third–Party Defendant.**

**No. 93–0138–RV–M.**

United States District Court, S.D. Alabama, Southern Division.

Aug. 7, 1995.

Cecily L. Kaffer, Kaffer, Pond & Pipkin, Mobile, AL, Eugene A. Seidel, U.S. Attorney's Office, Mobile, AL, Michael F. Hertz, Ronald H. Clark, Marlene F. Gibbons, U.S. Dept. of Justice, Civil Div., Washington, DC, for plaintiff.

Stephen Horn, Frank Case, Saundra Brown, Schmeltzer, Aptaker & Shepard, P.C., Washington, DC, Charles J. Fleming, Mobile, AL, for defendants.

## ORDER

VOLLMER, District Judge.

I. This matter is before the Court on the third-party plaintiff's "motion for leave to file corrected oppositions" (tab 56).

II. This matter is also before the Court on the "plaintiff's motion to dismiss, or in the alternative, for separate trials of defendants' third party claims" (tab 51) and the "motion of HNE Healthcare, Inc. to strike or, in the alternative, to dismiss the third-party complaint" (tabs 49, 50). The third-party plaintiffs submitted an opposition (tab 56) to the motions. HNE Healthcare submitted a reply (tab 65) to the opposition, and similarly the government submitted a rebuttal response (tab 67) to the opposition.

III. This matter is also before the Court on the "motion of HNE Healthcare, Inc. for a separate trial and a stay of discovery" (tabs 47, 48).

IV. In addition, this matter is before the Court on the "defendants' motion to dismiss complaint" (tab 55). The government submitted a response (tab 63) to the defendants' motion.

V. Finally, this matter is before the Court on the government's "motion for order allowing the filing and serving of an amended complaint" (tab 57). The defendants submitted an opposition (tab 64) to the government's motion. The government then submitted a response (tab 68) to that opposition.

## BACKGROUND

1. This litigation began with a *qui tam* suit filed by Public Integrity in the name of the United States, filed on February 24, 1993. The action arose under 31 U.S.C. § 3729 *et seq.*, known as the "False Claims Act" (FCA).

2. Defendant Therapeutic Technology Inc. (TTI) is a provider of medical equipment in this district. Charles W. Moody was at all relevant times President and part owner of TTI. In the past, TTI received payments from the United States under the Medicare and Medicaid programs for the provision of medical equipment. The complaint alleges that TTI made claims for Lymphedema pumps and related equipment which were not qualified for coverage under Medicare or Medicaid rules or regulations and were not medically necessary. The complaint alleges that TTI knew that the claims for reimbursement were improper, and that those claims

were false and/or fraudulent under 31 U.S.C. § 3729.

3. The complaint remained under seal pursuant to 31 U.S.C. § 3730 while the government investigated the allegations. On May 16, 1994, following the investigation, the government elected to intervene and assumed primary responsibility for prosecuting the action. The original complaint and the notice of intervention were unsealed (tab 17) at that time. On November 9, 1994, the United States filed an amended complaint (tab 19) in this action. The government's amended complaint alleged that the defendant created false records and submitted false information to obtain payments under the Medicare program to which they were not entitled.

4. After filing their original answers (tabs 28, 29) in December, 1994, TTI and Moody filed a third-party complaint (tab 36) against HNE Healthcare, Inc. (HNE) on March 9, 1995. HNE was the manufacturer of the Lymphedema pumps at issue is this suit. The third-party claims are based solely on state law causes of action based on breach of contract, breach of warranty, and fraud. In substance, TTI and Moody allege that HNE should indemnify them for any damages that they are required to pay for the government's claims under the FCA.

## DISCUSSION

### I. Motion for Leave to File Corrected Oppositions

Regarding the third-party plaintiff's "motion for leave to file corrected oppositions" (tab 56), they seek leave to file a new opposition with certain grammatical and typographical corrections, but with no substantive changes. The third-party plaintiff's "motion for leave to file corrected oppositions" (tab 56) is hereby **GRANTED.**

### II. Dispositive Motions regarding Third–Party Claims

1. Regarding the "plaintiff's motion to dismiss, or in the alternative, for separate trials of defendants' third party claims" (tab 51) and the "motion of HNE Healthcare, Inc. to strike or, in the alternative, to dismiss the

third-party complaint" (tabs 49, 50), the court will consider these motions together. The third-party plaintiffs submitted an opposition (tab 56) to the motions. HNE Healthcare submitted a reply (tab 65) to the opposition, and similarly the government filed a rebuttal response (tab 67) to the opposition.

2. In their briefs, the government and HNE each specify various reasons that the third-party complaint should be dismissed. The Court will presently focus on the government's primary argument in its motion to dismiss (tab 51), which provides that the Court should dismiss the third-party claim pursuant to 28 U.S.C. 1367. The third-party plaintiffs filed their complaint pleading jurisdiction under 28 U.S.C. § 1367(a). This statute defines the Court's supplemental jurisdiction, giving Courts jurisdiction to hear state claims against third parties if the state claims are so related to the original claims "that they form part of the same case and controversy."

3. The decision of whether to accept or reject jurisdiction is vested in the courts, as "the district court may decline to exercise supplemental jurisdiction ... if ... there are other compelling reasons for declining jurisdiction." 28 U.S.C. 1367(c). In making the determination, the Court must strongly consider "judicial economy, convenience, and fairness to the litigants." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). In the present case, the factors which would warrant the Court's exercise of supplemental jurisdiction are not present. The third-party claims are due to be dismissed for the reasons that follow.

4. In other FCA cases, courts have not allowed third-party claims for indemnification. *See United States ex rel. Stephens v. Prabhu*, 1994 WL 761237 (D.Nev.1994). These Courts have held that FCA defendants are precluded as a matter of law from seeking indemnification from a third-party defendant, and that such claims must be dismissed. *U.S. v. Nardone*, 782 F.Supp. 996, 999 (M.D.Pa.1990); *U.S. v. Entin*, S.D.Fla. CV 84–2422 (Order, Scott, J., March 4, 1986); *U.S. v. Kennedy*, 431 F.Supp. 877, 878 (C.D.Cal.1977). Also note that in *Israel Dis-*

*count Bank Ltd. v. Entin*, 951 F.2d 311, 315 (11th Cir.1992), Judge Cox addressed this issue in a case decided on other grounds, stating that there is "no right to indemnity ... under the FCA." *See also Mortgages, Inc. v. U.S. District Court for the District of Nevada*, 934 F.2d 209 (9th Cir.1991).

5. In *Mortgages, Inc.*, the Court set forth the a strong argument for the above holdings:

[T]he purpose of the damages provisions of the FCA is to deter future fraudulent claims, as well as recoup the government's losses due to fraud. The FCA is in no way intended to ameliorate the liability of wrongdoers by providing defendants with a remedy.... Congress did not intend to create a right of action for contribution or indemnification under the FCA. 934 F.2d at 213 (citations omitted).

6. The government argued persuasively that the above factors provide impressive rationale for the dismissal of the third-party claims, and went on to cite other important factors favoring dismissal of those claims:

Allowing the third-party claims to continue during the pendency of the FCA case would contravene the rule barring indemnification and contribution actions. It would interfere with the government's effort to recover for fraud committed by the parties ultimately responsible for the submission of Medicare claims—the company and individual or individuals that provided the medical equipment, and would shift the focus of the litigation of fraud to reallocation of fault, contrary to the purpose of the FCA. On the other hand, dismissal of the defendants' third-party claims would not prejudice the defendants. If the defendants are found liable under the FCA, they remain free to file their actions against HNE in state court to the extent any such right may exist. If they are not found liable they will have no claims against HNE. Because these claims are not compulsory counterclaims, dismissal would not deny them due process.

[In addition,] allowing the third-party claims to continue would unduly complicate an prolong the litigation and subvert the very purpose underlying the doctrine of

supplemental jurisdiction—to promote efficiency and convenience. Indeed, embroiling the Court and the government's case in a dispute under state law between the defendants and HNE is also, as noted above, clearly contrary to the purposes of an FCA suit. (Tab 51, Government's Points and Authorities, p. 8–9)

7. After due and proper consideration, the Court finds that there are compelling reasons for dismissal of the third-party claims under 28 U.S.C. 1367(c)(4). The fact that *qui tam* defendants lack a right to bring claims that will have the effect of offsetting FCA liability is particularly notable. In light of the foregoing, the "plaintiff's motion to dismiss, or in the alternative, for separate trials of defendants' third party claims" (tab 51) and the "motion of HNE Healthcare, Inc. to strike or, in the alternative, to dismiss the third-party complaint" (tabs 49, 50) are hereby **GRANTED** to the extent that they seek dismissal of the third-party claims. The third-party complaint (tab 36) filed by TTI and Moody against HNE Healthcare, Inc. (HNE) is hereby **DISMISSED** without prejudice.

### III. *Motion for a Separate Trial*

In light of the above rulings of the Court, the "motion of HNE Healthcare, Inc. for a separate trial and a stay of discovery" (tabs 47, 48) is hereby deemed MOOT.

### IV. *Defendants' Motion to Dismiss*

1. Regarding the "defendants' motion to dismiss complaint" (tab 55), defendants TTI and Moody move the Court to dismiss the complaint, or in the alternative to require the government to comply with its discovery obligations. The government submitted a response (tab 63) to the defendants' motion.

2. The court will consider only the request for dismissal, and will allow Magistrate Judge Steele address the discovery concerns. The Court finds that defendants TTI and Moody have failed to establish facts which would entitle them to have the case dismissed. In light of the foregoing, defendants' motion (tab 55) is **DENIED** to the extent that it moves the Court to dismiss the complaint.

### V. *Plaintiff's Motion for Leave to Amend*

1. Finally, this matter is before the Court on the government's "motion for order allowing the filing and serving of an amended complaint" (tab 57). The defendants submitted an opposition (tab 64) to the government's motion. The government then filed an additional response (tab 68).

2. The Court's amended scheduling order (tab 42) provided that amendments to the pleadings and joinder of other parties could continue until June 19, 1995. The government's motion was timely, as it was filed on June 19, 1995. The proposed amendment seeks to add additional parties, and sets forth additional theories of recovery. The Court finds that the amendments are reasonable, and would not unfairly prejudice the original defendants.

3. Fed.R.Civ.P. 15(a) provides that leave of the Court to amend a complaint "shall be freely given when justice so requires." In light of the foregoing, the government's "motion for order allowing the filing and serving of an amended complaint" (tab 57) is **GRANTED,** and the Court hereby **ALLOWS** the filing and serving of an amended complaint.