**UNITED STATES of America, Plaintiff,**

v.

**Amarbir SINGH, Defendant.**

**No. Civ.A.3:CV–98–0017.**

United States District Court, M.D. Pennsylvania.

March 3, 1999.

---

Barbara Kosik Whitaker, Scranton, PA, Brenda O'Malley, Washington, DC, Madeline Henley, Washington, DC, for plaintiff.

Robert J. Gillespie, Jr., Wilkes–Barre, PA, for defendant.

## MEMORANDUM

NEALON, District Judge.

In this action to revoke the citizenship of defendant, Amarbir Singh, (Singh), the plaintiff, United States of America, (Government), filed a Motion for Summary Judgment on November 24, 1998, together with a brief in support of the Motion. The defendant has opposed the Motion, which has been extensively briefed by the parties and is now ripe for determination. For the following reasons, the Motion will be denied.

## BACKGROUND

The Government brought this action under Section 340(a) of the Immigration and Naturalization Act of 1952, as amended by Title 8, United States Code, Section 1451(a), to revoke and set aside a grant of United States Citizenship to the defendant, and to cancel his Certificate of Naturalization, Number 20433299. This court has jurisdiction pursuant to 28 U.S.C. § 1345.

Singh was born in India on January 23, 1962, and was admitted to the United States as a lawful permanent resident on

February 25, 1986. He is married to a naturalized American citizen and has three native born American children, ages 13, 10, and 7. On August 19, 1993, he became a citizen and was issued a Certificate of Naturalization. Subsequently, on March 17, 1994, he pled guilty to knowingly, willfully and unlawfully conspiring to violate federal tax laws beginning on or about February 20, 1991, and continuing through November 1, 1992.[1] The Government seeks to revoke his naturalized citizenship on the grounds that it was procured by misrepresentation and concealment of material facts when in both the Petition for Naturalization, filed on January 8, 1993, as well as in sworn testimony at the August 19, 1993, final naturalization hearing, Singh indicated that he had not committed any crime for which he had not been arrested.[2] On November 24, 1998, plaintiff filed a Motion for Summary Judgment together with a brief in support of the Motion. Singh filed a brief in opposition on January 14, 1999, and a reply brief was filed by the plaintiff on January 28, 1999.

## DISCUSSION

### I.

The Government argues that as a result of his guilty plea, Singh admitted that for at least a twenty month period, ending barely two months before he applied for naturalization, he knowingly and willfully engaged in fraudulent activity, devised and executed a scheme to defraud, and with others under his direction and control mailed false and fraudulent tax reports, all for the purpose of evading tax obligations. According to the Government, having committed these crimes and having pled guilty to knowingly and willfully engaging in these criminal activities, Singh is now collaterally estopped from claiming that he

did not know that his actions exposed him to arrest.

In his brief in opposition to the summary judgment motion, Singh maintains that when he prepared his Petition and provided his testimony, he submitted that information believing that it was true and accurate without any intent to mislead or conceal. He further asserts that, even though he eventually pled guilty to knowingly and willfully participating in a scheme to avoid the payment of diesel fuel tax, he did not believe, at the time that he answered questions regarding his naturalization, that his actions constituted a crime. Specifically, that at the time that he answered the questions during the naturalization process, he believed that there may be some civil penalties for his actions, but that at no time did he believe that he had committed a crime. Consequently, it is his position that collateral estoppel does not apply here because he is not attempting to deny his guilt, i.e. the issue previously litigated by his guilty plea, but is attempting to show that he did not willfully misrepresent or conceal a material fact in the naturalization process. In short, that when he answered the questions posed, he did not know that he was committing a crime for which he could be arrested.

### II.

Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." F.R.C.P. 56(c); *see also Turner v. Schering–Plough Corp.*, 901 F.2d 335, 340 (3d Cir.1990). The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Young v. Quinlan*, 960 F.2d 351,

---

1. Plaintiff owned and operated several truck stops during 1991 and 1992. Between February of 1991, and November of 1992, he began purchasing fuel which was untaxed because it would allegedly be sold for residential use when, in fact, he was selling it commercially for use in diesel powered vehicles.

2. The specific language in the petition stated "(h)ave you ever (a) knowingly committed any crime or offense for which you have not been arrested ...?"

357 (3d Cir.1992). "Once the moving party has carried the initial burden of showing that no genuine issue of material fact exists, the non-moving party 'must make a showing sufficient to establish the existence of every element essential to his case, based on the affidavits or by the depositions and admissions on file.'" *Pastore v. Bell Telephone Co. of Pennsylvania*, 24 F.3d 508, 511 (3d Cir.1994) (citation omitted). All inferences, however, "'should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true.'" *Id.* at 512. (citing *Big Apple BMW, Inc. v. BMW of North America, Inc.*, 974 F.2d 1358, 1363 (3d Cir.1992), *cert. denied*, 507 U.S. 912, 113 S.Ct. 1262, 122 L.Ed.2d 659 (1993)). *See also Betz Laboratories, Inc. v. Hines*, 647 F.2d 402 (3d Cir.1981).

Furthermore, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). With regard to whether a fact is material, "it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Id.* at 248, 106 S.Ct. 2505. A dispute is "genuine" only if "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Id.* at 242, 106 S.Ct. 2505. If the Court determines that "the record taken as a whole could not lead a national trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

### III.

It appears from the briefs in this case that, for the purposes of this summary judgment motion, there are no factual disputes between the parties. It has been stated by the defendant, that he has not attempted to withdraw his guilty plea nor has he denied that he committed the crime for which he pled guilty. The remaining issue for the court to determine is whether or not collateral estoppel bars the defendant from claiming that at the time of his naturalization he did not know that he had committed a crime.

Under the doctrine of collateral estoppel, once an issue is actually litigated and necessarily decided by a court, that determination is conclusive in a different cause of action that involves a party to the earlier litigation. *State of Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979); *see also Emich Motors Corp. v. General Motors Corp.*, 340 U.S. 558, 568, 71 S.Ct. 408, 95 L.Ed. 534 (1951) (noting that "[i]t is well established that a prior criminal conviction may work as estoppel in favor of the government in a subsequent civil proceeding"). Moreover, when an issue is resolved in favor of the government in a criminal prosecution, the defendant cannot contest that same issue in a subsequent civil suit brought by the government. *United States v. Nardone*, 782 F.Supp. 996, 998 (M.D.Pa.1990). This rule applies regardless of whether the defendant was found guilty either by a jury verdict or by a guilty plea. *Id.*

The defendant does not disagree with this rule of law but contends that the issue that he is raising has not been previously litigated and decided by his guilty plea and, therefore, is not barred by the doctrine. The issue, according to Singh, is whether he willfully and knowingly intended to misrepresent or conceal a material fact during the naturalization process and not whether he subsequently admitted to having committed a crime.

The Government has the heavy burden of proving by clear, unequivocal and convincing evidence, which does not leave the issue in doubt, that Singh obtained his naturalization certificate illegally. *Schneiderman v. United States*, 320

U.S. 118, 63 S.Ct. 1333, 87 L.Ed. 1796 (1943). This is so because denaturalization is an extraordinarily severe penalty with consequences that may even rest heavily upon the citizen's children. *Klapprott v. United States,* 336 U.S. 949, 69 S.Ct. 877, 93 L.Ed. 1105 (1949). In fact, in this case, if Singh is denaturalized and deported, and the family remains intact, his wife and children would also be deprived of their priceless constitutional protections and economic advantages as American citizens. Thus, to warrant denaturalization, the Government must prove by the appropriate standard that Singh attempted to deceive the naturalization examiners by intentionally concealing or misrepresenting the fact that he had committed a crime or offense for which he had not been arrested. *See, United States v. Kessler,* 213 F.2d 53 (3d Cir.1954). But, as set forth in *Knauer v. United States,* 328 U.S. 654, 659, 66 S.Ct. 1304, 1307, 90 L.Ed. 1500 (1946), "(i)ntent is a subjective state, illusory and difficult to establish in absence of a voluntary confession. What may appear objectively to be false may still fall far short of establishing an intentional misrepresentation which is necessary in order to prove that the oath was perjurious." Whether a defendant possessed the subjective intent to misrepresent a material fact is a matter usually to be resolved by the trier of fact. *Kungys v. United States,* 485 U.S. 759, 108 S.Ct. 1537, 99 L.Ed.2d 839 (1988). The question of intent is a distinct factual issue which would normally preclude summary judgment. *United States v. Tuteur,* 215 F.2d 415 (7th Cir. 1954). It is true that Singh entered a guilty plea to the criminal offense but that does not resolve the question of whether he *knew* at the time of the naturalization proceeding that he had committed a crime for which he had not yet been arrested. He would have to possess this knowledge before he could be accused of deliberately intending to deceive by not revealing it during the examination process. Therefore, the factual background presented here distinguishes *Witter v. INS,* 113 F.3d 549 (5th Cir.1997) and *Forbes v. INS,* 48 F.3d 439 (9th Cir.1995).

While the Government insists that Singh's guilty plea collaterally estops him from offering evidence and testimony to show that his responses were not made with the intent to conceal or willfully misrepresent, our attention must not be diverted from the specific question that forms the basis for the Government's contention, *viz.,* "have you ever (a) knowingly committed any crime or offense for which you have not been arrested?" Neither party has cited any legal authority interpreting that particular question. Implicit in this inquiry is whether the petitioner knew at the time he answered this question that he was committing a crime in avoiding payment of the diesel fuel tax by claiming that it was being sold for residential and not commercial use. Defendant argues that there is a factual dispute concerning his understanding of the precise question presented to him by the examiners and whether by his answer he possessed the requisite knowledge and intent to misrepresent or conceal a material fact.

It should be pointed out that even in cases involving prior arrests and convictions, the factual disputes were not decided by summary judgment but were resolved after trials. In *Corrado v. United States,* 227 F.2d 780 (6th Cir.1955), the defendant denied on his application that he had ever been arrested when, in fact, he had been arrested fifteen times and convicted twice. Corrado sought to avoid the revocation of his citizenship by contending that he had been informed that, because he had been convicted only for misdemeanors and his other arrests had not resulted in convictions, it was proper that he should answer "no" to the question. He was allowed to proceed to trial on the issue of whether his citizenship had been procured fraudulently and illegally. After considering the evidence presented, including Corrado's testimony, the trial judge concluded that the certificate was obtained fraudulently. In *Brenci v. United States,* 175 F.2d 90 (1st

Cir.1949), the issue of whether the applicant, because of his limited education, understood the question concerning his prior criminal record and willfully and knowingly concealed two felony convictions, was determined as a result of a trial after the government's motion for summary judgment was denied. *See also, United States v. Kessler,* 213 F.2d 53 (3d Cir.1954); *United States v. Oddo,* 314 F.2d 115 (2d Cir.1963); *United States v. Profaci,* 274 F.2d 289 (2d Cir.1960); and *Cufari v. United States* 217 F.2d 404 (1st Cir.1954). An individual would know if he had actually been arrested for, or convicted of, a crime but whether one knew it was a crime *prior* to arrest or conviction presents a very different scenario. The realities of a criminal proceeding are that a defendant may not realize that he has committed a crime until he has been charged and receives legal advice concerning the elements of the crime. It is not uncommon for one to believe that his actions were not criminal at the time of their commission only to find out later that his conduct constituted a criminal offense. Upon receiving appropriate explanations and advice from counsel, he may realize or be persuaded that his actions could not be explained or defended at trial and that a guilty plea should be entered. It scarcely needs stating that the chances of a lesser sentence are greater when a defendant pleads guilty and spares the court and the government the expense and inconvenience of a trial.

In *Emich Motors Corp. v. General Motors Corp.,* 340 U.S. 558, 569, 71 S.Ct. 408, 414, 95 L.Ed. 534 (1951), the United States Supreme Court held that the estoppel effect of a prior conviction "extends only to questions 'distinctly put in issue and directly determined' in the criminal prosecution." *See Chisholm v. Defense Logistics Agency,* 656 F.2d 42, 47–48 (3d Cir.1981) ("The doctrine of collateral estoppel can only preclude relitigation of those issues actually litigated and decided in an earlier proceeding ... [and] ... (t)his court has also cautioned that inquiry beyond the mere fact of conviction may be necessary before collateral estoppel can be applied").

In considering the application of the doctrine of collateral estoppel here, the question is whether the guilty plea put into issue and directly determined that defendant knew he was committing an offense for which he had not been arrested during the twenty month period identified in the criminal information? In his affidavit in the present action, Singh declares that he thought that he would be exposed only to a civil penalty or payment of a fine and, also, that he believed that the individual who sold the diesel fuel to him would be responsible for payment of the tax.

In *United States v. Tooma,* 187 F.Supp. 928 (E.D.Mich.1960), the government sought to denaturalize Tooma for procuring his certificate of naturalization "by concealment of a material fact or by willful misrepresentation" because he answered "no" to the question of whether he had ever committed a crime involving moral turpitude when, in fact, he had been convicted of embezzlement. The relevance of the *Tooma* case to the present action is that the embezzlement there took place prior to his application for citizenship although he was arrested and convicted subsequent to his application. Chief Judge Levin pointed out that the Government must go beyond the mere falsity of the answer and must demonstrate knowledge of the falsity of the statement and the intent to deceive. *Tooma* testified that his denial was based on his belief that "moral turpitude" referred to a sexual offense. The court, after hearing this testimony, found that the words could honestly convey that meaning and concluded that the Government had failed to prove concealment of a material fact or willful misrepresentation by clear, unequivocal and convincing evidence.

Summing up, therefore, for collateral estoppel purposes, the issue is whether the entry of the guilty plea on March 17, 1994, mandates the conclusion that Singh knew during the period from February 20, 1991, to November 1, 1992, that he was committing an offense for which he could be ar-

rested and, with that knowledge, intentionally concealed it from the Naturalization Examiners. In other words, was the identical issue, *viz.*, that defendant actually knew during that twenty month period that he was committing an offense for which he could be arrested, litigated and necessarily decided by his entry of a guilty plea? The court is satisfied that it was not and that a factual issue exists which must be resolved by trial.[3]

Therefore, in accordance with the analysis set forth in this memorandum, the Government's motion for summary judgment is denied.

---

**3.** It is unclear whether, because this is a denaturalization proceeding, the Government must prove by clear, unequivocal and convincing evidence that the guilty plea necessarily decided the factual issue of concealment or misrepresentation. However, regardless of the burden of proof, the result would be the same, that is, the guilty plea did not decided the issue presented here.