J-A29024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| LINDA GORTON, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ERIE INSURANCE EXCHANGE, | |
| Appellee | No. 1925 WDA 2014 |

Appeal from the Judgment Entered October 29, 2014
In the Court of Common Pleas of Erie County
Civil Division at No(s): 13002-2012

BEFORE: FORD ELLIOTT, P.J.E., BOWES AND MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 29, 2016**

Linda Gorton appeals from the trial court's determination in this declaratory judgment action that Erie Insurance Exchange ("Erie") was not obligated to provide liability coverage for a traffic accident pursuant to its policy with its insured Dorris Walters. We affirm for the reasons that follow.

Ms. Walters owned a 2001 Jeep Cherokee that was insured with Erie. On May 8, 2009, Andre Dunlap, Ms. Walters' daughter's boyfriend, was operating the vehicle. He ran a red light and collided with a vehicle driven by Linda Gorton's husband and in which she was a passenger. Ms. Gorton sustained injuries.

Ms. Gorton filed a lawsuit against Mr. Dunlap seeking damages for the injuries she sustained in the accident. A default judgment was entered

against Mr. Dunlap on November 1, 2010. Ms. Gorton thereafter sought coverage from Erie, the insurer of Ms. Walters' vehicle. Erie denied coverage based on its determination that Mr. Dunlap was not operating the vehicle at the time of the accident with the named insured's permission. Ms. Gorton filed the within declaratory judgment action to resolve the coverage issue.

The following occurred at the non-jury trial on October 2, 2014. The parties stipulated that Dorris Walters owned the vehicle and that Andre Dunlap was operating it. Plaintiff introduced the insurance policy and the deposition of Officer Justin Griffith, the police officer who responded to the accident. Objections to portions of the deposition were sustained, including the officer's testimony that Mr. Dunlap represented that he had permission to use the vehicle. Plaintiff rested largely on the presumption that the driver of a motor vehicle had permission from the owner to do so.

Counsel for Erie asked the court for a ruling confirming that Ms. Gorton had the burden of proving eligibility for insurance coverage by proving permissive use. N.T., 10/2/14, at 27. The court so ruled and noted that the presumption operated to satisfy Ms. Gorton's burden of production and to shift the burden of producing evidence to the defense. *Id*. at 29. Based on that ruling, Erie called Dorris Walters to the stand.

Ms. Walters testified that Mr. Dunlap is the father of her daughter's children. *Id*. at 31. She confirmed that Mr. Dunlap and her daughter had

an ongoing relationship for several years prior to the accident but they did not reside in the same household. On the day of the accident, Ms. Walters had no interaction with Mr. Dunlap, and there was no opportunity for him to ask her permission to drive her car. He did not have a set of keys to the car. She had never seen him drive the Jeep before, and he had never asked her permission to do so. She acknowledged that he had picked up her daughter from college in one of her former cars. Since he was previously involved in an accident while driving one of her cars, Ms. Walters told the court that Mr. Dunlap knew that he was not allowed to use her Jeep or any of her cars. *Id*. at 32, 42. Specifically, she told Mr. Dunlap that he was not permitted to drive her cars.

On the date in question, Ms. Walters believed that Mr. Dunlap took the keys from her daughter's counter. She explained that the keys were present in that location because she regularly permitted her daughter to borrow her car to run errands. Upon being advised of the accident, Ms. Walters went to the police station and reported the theft of her keys and a cell phone. However, Ms. Walters did not charge Mr. Dunlap with unauthorized use of a motor vehicle purportedly because she was unaware that she could bring charges. *Id*. at 64.

The trial court issued an opinion on October 8, 2014, in which it set forth its findings. Specifically, the court found that Mr. Dunlap was not a "relative" of Ms. Walters as defined in the policy. Furthermore, it found

credible Ms. Walters' testimony that Mr. Dunlap did not have her permission to use the Jeep on that day or any other day; that she was unaware that he would drive her Jeep that day; that she had never observed Mr. Dunlap driving her Jeep and had not been apprised that he used her Jeep prior to the accident; and that neither Mr. Dunlap nor Ms. Walters' daughter ever asked for permission for Mr. Dunlap to drive the Jeep. Opinion, 10/8/14, at 2. In conclusion, the court found no "evidence that Mr. Dunlap had implied, express, or apparent permission to use the Jeep on the day of the accident or at any time prior thereto." *Id*. It specifically found that neither Mr. Dunlap's self-serving statement to the officer that he had permission to drive Ms. Walters' car nor the officer's apparent belief in the truth of that statement established permission.

Ms. Gorton filed a motion for post-trial relief, which the trial court denied. She appealed, complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and the trial court issued its Rule 1925(a) opinion.

Ms. Gorton presents three issues for our review:

I.  Whether the trial court erred by failing to consider highly relevant evidence of the opinion of Officer Justin Griffith that he believed Andre Dunlap had permission.

II. Whether the trial court erred by excluding evidence of Officer Griffith's deposition testimony that Andre Dunlap told him he had permission when its admission was stipulated to and no timely objection made.

- 4 -

III.    Whether the trial court erred in denying Plaintiff's motion for judgment notwithstanding the verdict given Dorris Walters['] inconsistent testimony.

Appellant's brief at 4.

Appellant's first two issues challenge the trial court's exclusion of certain evidence from the deposition of Officer Griffith.  In reviewing the propriety of an evidentiary ruling, "It is well settled that the admission or exclusion of evidence is a matter within the sound discretion of the trial court, which may only be reversed upon a showing of a manifest abuse of discretion."  *Eichman v. McKeon*, 824 A.2d 305, 319 (Pa.Super. 2003). "[A]n abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous."  *Betz v. Pneumo Abex LLC*, 44 A.3d 27 (Pa. 2012) (quoting *Paden v. Baker Concrete Constr.*, 658 A.2d 341, 343 (Pa. 1995)).

Ms. Walters was the named insured on the Erie insurance policy covering the 2001 Jeep.  Mr. Dunlap was not related to her by blood or marriage, nor was he a member of her household.  Thus, he would be protected under the policy only if he was using Ms. Walters' motor vehicle with her permission.  Ms. Gorton conceded at the outset that she was not proceeding on a theory of express permission.  She maintained that her case

consisted of the legal presumption that one who is driving the car of another has permission to do so. In addition, she would prove implied permission.

Under Pennsylvania law, there is a presumption that the operator of a motor vehicle has the permission of the owner. *Waters v. New Amsterdam Casualty Co.*, 144 A.2d 354, 356-57 (Pa. 1958). The presumption shifts the burden of producing evidence to the defense that no permission was given. The burden of persuasion, however, remains on the plaintiff.

Implied permission may "result by implication from the relationship of the parties or a course of conduct in which the parties have mutually acquiesced." *Adamski v. Miller*, 681 A.2d 171, 174 (Pa. 1996). However, permission requires "more than mere sufferance or tolerance without taking steps to prevent the use of the automobile," and where the named insured has no knowledge of the use, permission cannot be implied. *Federal Kemper Ins. Co. v. Neary*, 530 A.2d 929, 931 (Pa.Super. 1987).

Ms. Gorton alleges that the trial court abused its discretion in failing to consider and evaluate Officer Griffith's "highly relevant" opinion that Mr. Dunlap had permission to operate Ms. Walters' car and Mr. Dunlap's statement to that effect to the officer in making that determination. She suggests further that, since the parties stipulated to the admissibility of the Officer's deposition and Erie did not object to his opinion or to the hearsay

nature of Mr. Dunlap's statement to the officer, the court was required to consider it.

Erie counters first that the stipulation as to the admissibility of Officer Griffith's deposition was entered to avoid the need for the police officer to appear in person. It objected to the relevance of the Officer's subjective belief as to whether Mr. Dunlap had permission and objected to Mr. Dunlap's statement as inadmissible hearsay.

We glean the following from the record. Ms. Gorton initially offered Exhibit 1, the insurance policy, and Exhibit 2, Officer Griffith's deposition. The court accepted the proffered exhibits, but noted that they were not probative of the issue in contention. Furthermore, the court recognized that the officer's deposition would contain considerable hearsay in addition to establishing that Mr. Dunlap was the driver. The court questioned whether the exhibits contained any other relevant evidence. N.T., 10/2/14, at 8. In response, counsel for Ms. Gorton argued that the officer's perception of Mr. Dunlap's demeanor at the time, as well as the officer's belief that Mr. Dunlap had permission, would support an inference of permission. Erie objected to such an inference and the court pointed out that the officer's good faith belief was irrelevant as he was not the factfinder in this case. *Id*. at 10.

Then, Plaintiff's counsel proposed to read an excerpt from the deposition where, in response to Officer Griffith's inquiry as to whether he had permission to drive the vehicle, Mr. Dunlap responded in the affirmative.

Erie objected that the statement was hearsay. *Id*. at 11. Plaintiff's counsel countered that the hearsay objection was waived because it was not leveled at the time of the deposition. *Id*. Counsel for Erie argued that the objection was substantive, not merely to the form of the question, and hence, preserved. The court reviewed the deposition testimony, agreed that the statement was hearsay, rejected the Plaintiff's argument that it was admissible due to the unavailability of the declarant, and sustained the hearsay objection. *Id*. at 14, 15.

In its Rule 1925(a) opinion, the trial court disputed Ms. Gorton's premise that it *sua sponte* excluded the officer's subjective opinion. The record confirms that Erie objected when Ms. Gorton asked the court to infer permission based upon the officer's belief and challenged the admissibility of Mr. Dunlap's statement that he had permission on hearsay grounds. The trial court found the officer's opinion irrelevant; Mr. Dunlap's statement constituted inadmissible hearsay.

Ms. Gorton appears to suggest further that, since the parties stipulated to the admissibility of the officer's deposition before Erie raised any objection to the officer's opinion or to the hearsay nature of Mr. Dunlap's statement to the officer, the court was required to credit this evidence. That is not the case. Moreover, the trial court concluded that even the combination of the officer's subjective belief, Mr. Dunlap's self-serving hearsay statement, and the presumption did not establish implied permission in the face of credible

contrary evidence from Ms. Walters.[1]  We find no error or abuse of discretion.

Next Ms. Gorton contends that the trial court erred in denying her post-trial motion seeking judgment n.o.v. based upon the fact that the judgment was against the weight of the evidence.

> A JNOV can be entered upon two bases: (1) where the movant is entitled to judgment as a matter of law; and/or, (2) the evidence was such that no two reasonable minds could disagree that the verdict should have been rendered for the movant. When reviewing a trial court's denial of a motion for JNOV, we must consider all of the evidence admitted to decide if there was sufficient competent evidence to sustain the verdict. In so doing, we must also view this evidence in the light most favorable to the verdict winner, giving the victorious party the benefit of every reasonable inference arising from the evidence and rejecting all unfavorable testimony and inference. Concerning any questions of law, our scope of review is plenary. Concerning questions of credibility and weight accorded the evidence at trial, we will not substitute our judgment for that of the finder of fact. If any basis exists upon which the court could have properly made its award, then we must affirm the trial court's denial of the motion for JNOV. A JNOV should be entered only in a clear case.

**Brown v. Trinidad**, 111 A.3d 765, 769-770 (Pa.Super. 2015).

> Furthermore,

> Appellate review of a weight claim is a review of the trial court's exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence

_____

[1] Officer Griffith admittedly did not conduct an investigation into whether Mr. Dunlap had permission to use Ms. Walters' vehicle.  Furthermore, at his deposition, he testified based on what he routinely does in such circumstances, not based on any specific recollection of the events herein.

presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*In re Estate of Smaling*, 80 A.3d 485, 490 (Pa.Super. 2013).

Ms. Gorton claims that Ms. Walters' testimony was so inconsistent as to render the judgment against the weight of the evidence. She directs our attention to *Adamski*, *supra*, which she contends involves analogous facts, a contrary result, and which compels a finding of implied permission herein. In that case, the trial court credited the testimony of Mr. Miller, daughter's boyfriend with whom she lived, over the conflicting testimony of daughter and her mother and concluded that Mr. Miller had the mother's implied consent to use her vehicle. This Court reversed, finding an abuse of discretion. The Supreme Court reversed this Court and reinstated the judgment of the trial court, finding that we failed to apply the proper standard of review. Our High Court found that, viewing the evidence in its proper light, with all reasonable inferences drawn in favor of Mr. Miller, the evidence deemed credible by the trial court "amply supported" its verdict and that the trial court did not abuse its discretion in denying judgment n.o.v.

Instantly, the trial court, sitting as factfinder, believed Ms. Walters' testimony that Mr. Dunlap did not have her permission to use the Jeep on

the date of the accident or at any time prior thereto. The gist of that testimony was that, on an occasion years before, she permitted Mr. Dunlap to drive the vehicle she formerly owned to pick up her daughter at college. He was involved in an accident, and thereafter, the car was "off limits to him." N.T., 10/2/14, at 50. Ms. Walters subsequently acquired the 2001 Jeep Cherokee that was involved herein. She testified that she did not specifically tell him not to use the Jeep on the date in question, that use of the Jeep never came up between them that day as she did not see him, but that she previously told him he could not use any vehicle she owned. According to Ms. Walters, Mr. Dunlap knew he was not allowed to use that vehicle.

Ms. Gorton would have us ignore our standard of review and repeat the mistake we made in **Adamski**. Viewing the evidence herein in the light most favorable to Erie, as we must, we find that Ms. Walters' testimony, credited by the trial court, amply supported the verdict. We attribute inconsistencies in her testimony to confusing compound questions and inquiries lacking specificity as to time. In any event, the factfinder was "free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." **Brown**, **supra** at 770 (quoting **Samuel-Bassett v. Kia Motors Am., Inc.**, 34 A.3d 1, 39 (Pa. 2011)). We find no abuse of discretion on the part of the trial court in denying judgment n.o.v.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  2/29/2016